**People of the State of Illinois, Plaintiff-Appellee, v. Charles J. Pughsley, Defendant-Appellant.**

Gen. No. 49,656.

First District, Third Division.

July 28, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (John J. McDonnell and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John J. DiVane, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Following a trial by jury, defendant was convicted of burglary and sentenced to ten to fifteen years in the state penitentiary. He contends that he was not proved guilty beyond a reasonable doubt, that he did not receive a fair trial, and that the court erred in instructing the jury. The facts follow:

Complaining witnesses testified that between 2:00 and 4:00 p. m. on October 11, 1963, their apartment at 51 East 44th Street, Chicago, was burglarized. At approximately 4:30 p. m. on the same day, defendant was arrested at 44th Street and Vincennes Avenue, Chicago, while riding in a car driven by one Alfred Nunnally. Nunnally was also arrested and the two men were taken to the police station, where a police search revealed two suitcases in the trunk of the car. Defendant repeatedly asserted that he had purchased the suitcases and their contents from Nunnally and that these goods belonged to him. The complaining witnesses identified the suitcases and the items therein as the property which had been stolen from them.

As to defendant's first contention, the law is settled that recent, exclusive and unexplained possession of stolen goods is sufficient to sustain a conviction of burglary, unless other circumstances create a reasonable doubt as to guilt. People v. Woods, 26 Ill2d 557, 188 NE 2d 1. Defendant argues that he was merely a passenger in the car, that he did not have the key to the trunk, and therefore cannot be considered to have had exclusive possession of the stolen items. This argument ignores the unrebutted testimony of one Elmer Perkins, a detective, that defendant had repeatedly claimed ownership of the goods. Additionally, the possession was recent, occurring within a minimum of twenty minutes and a maximum of two hours from the time of the

burglary, and the arrest took place in the vicinity of the burglarized premises.

■ It is argued on behalf of defendant that he was dealing with the driver of the car for the purchase of the goods and since they had agreed on a price, he considered himself the owner, although no payment had been made. This, counsel for defendant contends, is naturally a layman's point of view. It appears to us a much more legalistic point of view. The jury was justified in rejecting defendant's explanation that he had purchased the goods immediately prior to his arrest.

■ Defendant's third contention is that the court erred in giving the following instruction:

> "The exclusive possession, shortly after the commission of a larceny, robbery or burglary, of stolen property, the proceeds of the crime, if unexplained, may of itself raise an inference of guilt of the person having such possession, sufficient to authorize a conviction in the absence of any other evidence of facts or circumstances in evidence which leave in the mind of the jury a reasonable doubt as to the guilt of such person."

He argues that the evidence did not show that his possession of the stolen property was recent, exclusive, and with a "distinct, implied or express assertion of ownership," relying on People v. Urban, 381 Ill 64, 44 NE2d 885. Accepting the testimony of the policeman and that part of defendant's own testimony with respect to his possession of the goods, which supports the policeman, the evidence showed that defendant had sole ownership of the goods, in addition to showing recent possession.

■ Remaining for consideration is the second point raised by defendant, that he was denied a fair trial because the jury was prejudiced by the misconduct of the prosecutor. The State presented the detective Elmer

Perkins for the purpose of having him testify to an alleged oral confession made by defendant on his arrest. At that point in the trial the prosecutor asked:

> "Q. Were there certain questions asked at that time and certain answers given?
> "A. Yes, there was.
> "Q. Would you tell the ladies and gentlemen of the jury . . . what those questions were and what those answers were to those questions?"

Before the witness answered, defendant's counsel objected, and a hearing was held in chambers. The court ruled that evidence as to the confession could not be adduced because the State had not presented defendant's counsel with a list of all the witnesses present at the time the confession allegedly was made. Notwithstanding this ruling, the prosecutor renewed this line of questioning. When the defendant took the stand on his own behalf, on cross-examination the following question was asked and answer given:

> "Q. Do you remember telling Detective Perkins about crawling through a screen that you broke through, do you remember that?
> "Mr. McDonnell: Object, and ask for the withdrawal of a juror and a mistrial declared."

Again a hearing was held in chambers and the court ruled that the defendant might answer. Defendant replied that he did not remember. The prosecution recalled Detective Perkins for the purpose of rebutting defendant's testimony on cross-examination, and the following testimony was heard:

> "Mr. Fleming (State's Attorney): Q. Did you ask the defendant Pughsley at that time whether or not he had committed the burglary on October the 11th, 1963?

"Mr. McDonnell:   I object.

"The Court:   Objection sustained.

"Mr. Fleming:   Q.   In your questions with the defendant Pughsley, did he ever tell you that he crawled from a vacant room through the screen, taking the screen off?

"Mr. McDonnell:   I object.

"The Court:   Objection overruled.

"Mr. McDonnell:   Now, I want to be heard and I want to bring a case in."

Another hearing was held in chambers, where defendant's counsel cited People v. Pelkola, 19 Ill2d 156, 166 NE2d 54, as supporting his position. The court then sustained defendant's objection and instructed the jury to disregard testimony "as to what the defendant is supposed to have said about crawling through a screen."

Three references to defendant's statement that he crawled through a screen to get to the burglarized premises were made in the presence of the jury—two by the prosecutor and one by the judge. Under such circumstances we cannot say that instructing the jury to disregard such statements was sufficient to cure the damage caused by the error, and we must reverse the judgment and remand the cause for a new trial.

Judgment reversed and cause remanded.

SULLIVAN, P. J. and DEMPSEY, J., concur.