**People of the State of Illinois, Plaintiff-Appellee, v. William McAfee, et al., Defendants-Appellants.**

**Gen. No. 50,969.**

First District, Fourth Division.

February 24, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn, Marshall J. Hartman and James J. Doherty, Assistant Public Defenders, of counsel), for appellants.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Saul A. Perdomo, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

After a bench trial defendants were found guilty of attempted robbery * and each was sentenced to the peni-

---

* Robbery is defined in Ill Rev Stats, 1963, ch 38, § 18–1:

 (a) A person committs robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force.

■■■

tentiary for a term of not less than three nor more than five years.

## Contention on Appeal

Defendants' sole contention is that they were not proven guilty beyond a reasonable doubt.

## Evidence

According to the testimony of the complaining witness, Joseph Gbur, on October 3, 1964, at 2:00 a. m. he went to visit friends at 6758 South St. Lawrence Avenue; as he ascended the steps to the porch of the aforesaid residence he was grabbed by defendants, who pulled him off the stairs, hit and kicked him, and went through his front pockets; he (Gbur) was lying on his back and therefore defendants did not search his rear pockets; his wallet was in one of those rear pockets and therefore was not taken. He admitted drinking earlier in the evening.

Two police officers, Thomas Barrett and James Willford, arrived on the scene in their patrol car. Barrett stated that the defendants were kicking and beating Gbur. Willford testified that one of the defendants was kicking Gbur and the other seemed to be going through his pockets. Both officers testified that Gbur had a slight smell of alcohol on his breath but he was not staggering.

Detective James Houtsma testified that he subsequently conversed with defendants at the police station and that upon questioning they admitted beating and kicking Gbur because he called them a name. He further testified

---

Attempt is defined in Ill Rev Stats, 1963, ch 38, § 8–4:

 (a) Elements of the Offense

 A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense.

144

that Gbur appeared to have had a few drinks but was not staggering.

Both defendants testified that, in the company of each other, they had been drinking earlier in the evening. McAfee also stated that as he and Martin were walking down the street after they finished drinking, Gbur staggered and fell in front of them. Martin, however, did not testify that Gbur fell in front of them. Martin stated that as he and McAfee reached the corner of 68th and St. Lawrence they saw Gbur stagger and fall to the ground; that they were going in that direction and therefore walked up to Gbur and asked what was wrong. Both defendants denied admitting to Detective Houtsma that they kicked and beat Gbur or that he called them a name.

### Opinion

The evidence adduced by the prosecution, if believed, is sufficient to sustain a conviction of attempted robbery. Joseph Gbur testified that the defendants attacked him, pulled him to the ground and were going through his pockets. Officer Willford testified that one of the defendants seemed to be going through Gbur's pockets and the other was kicking the victim.

 In a bench trial it is the function of the trial judge to determine the credibility of the witnesses and the weight to be afforded their testimony. People v. Clark, 30 Ill2d 216, 195 NE2d 631. The slight discrepancy in the testimony of the police officers, as to whether one of the defendants was going through Gbur's pockets when they arrived, is understandable since in their rush to aid the victim each officer could not be expected to notice each act of the assailants. Slight discrepancies in the testimony of the witnesses do not render that testimony unworthy of belief. People v. Carpenter, 71

Ill App2d 137, 217 NE2d 337. A reviewing court will not substitute its opinion for that of the trier of fact unless the proof is so unsatisfactory as to justify a reasonable doubt of guilt. The trial judge believed the evidence adduced by the prosecution and rejected the somewhat contradictory evidence offered by the defense.

**Holding on Appeal**

 The evidence is sufficient to prove the defendants guilty beyond a reasonable doubt of attempted robbery. Therefore the judgment of the trial court is affirmed.

Affirmed.

ENGLISH, P. J. and McCORMICK, J., concur.