THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES JACOB KRISTON, Defendant-Appellant.

(No. 71-346; )

Second District—June 7, 1973.

Paul Bradley, of Defender Project, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (James W. Jerz, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

Charles Kriston was indicted by the grand jury of Lake County together with his brother, Henry Paul Kriston, and Charles Fick and

charged with the offenses of attempt to commit murder and aggravated battery. The Kristons were tried together before a jury and found guilty of aggravated battery. Charles Kriston was sentenced to serve a term of 1 to 5 years in the penitentiary. On appeal, he contends that his guilt was not established beyond a reasonable doubt and that he was prejudiced in the eyes of the jury by reason of an improper display of a chain during his trial.

We also considered the appeal of Henry Paul Kriston in the case of *People v. Kriston* (Ill.App.3d). The grounds for appeal (as, indeed, the briefs filed with us) in the two cases are virtually identical and for that reason we will not repeat the factual narration set forth in the other case except where the evidence differs as to the defendants.

The defendant contends that his identification by the three eyewitnesses presented by the State rested mainly on the clothes he wore on the night in question and that the discrepancy in their descriptions of his clothing, when considered with the other inconsistencies and improbabilities in their testimony and the positive testimony of the defense witnesses, creates a substantial doubt as to the accuracy of the identification. It is apparent, however, from an examination of their testimony, that the State's three witnesses were in substantial agreement as to clothes worn by Charles Kriston.

Kenneth Clark stated that he saw the two Kristons grab Roger Spice from either side and hold his arms while Charles Fick struck him with a chain. He testified that Charles Kriston wore a motorcycle jacket, levi's and motorcycle boots and (he believed) a white T-shirt. He admitted that he did not notice the boots until he observed Charles at the police station later in the evening.

Wayne Flanigan testified that Charles Kriston was wearing blue levi's or dungarees, boots, and a white shirt with "* * * what I call a motorcycle jacket, cut off at the armpit level, with various insignia and signs on the jacket."

Martin Salminen, who was unable to identify Henry Kriston, testified that he saw Charles Kriston push Spice and kick at him after Fick hit him with a chain. He described Charles Kriston as a "* * * tall blond-haired fellow wearing a motorcycle jacket."

Charles Kriston himself, testified that he was actually wearing black levi's, a black shirt with letters on the front, a cut-off levi jacket and engineering boots.

■■ The discrepancies in the descriptions given by the witnesses are insignificant when compared to the consistent elements in those descriptions. All witnesses agreed that Charles Kriston was blond, wore levi's, a motorcycle jacket and boots. The description of the defendant's cloth-

ing is of particular significance since it appears that only he and Fick wore motorcycle jackets on the night in question (although Salminen testified as to three).

■■ As we pointed out in the other case, the discrepancies and inconsistencies in the testimony of the State's witnesses were properly a matter to be considered by the jury in their determinations. Slight testimonial discrepancies do not render testimony unworthy of belief as a matter of law. (*People v. Jordan*, 38 Ill.2d 83, 88, 230 N.E.2d 161; *People v. McAfee*, 80 Ill.App.2d 142, 145, 225 N.E.2d 74.) We cannot say that the verdict returned by the jury was contrary to the weight of the evidence or could warrant reversal.

The defendant also contends that the evidence did not prove his guilt beyond a reasonable doubt by accountability principles. Henry Kriston made an identical contention in his brief and we discussed the issue in that opinion. Suffice it to say here that the positive identification of Charles Kriston by three eye-witnesses and their testimony that he held Spice and kicked him as he lay on the ground was sufficient to show that he aided or abetted in the commission of the offense.

■■ We are of the further opinion that the display of a chain before the jury was improper but hardly likely to either impassion or prejudice that body against the defendant so as to merit reversal.

For the reasons stated, the judgment will be affirmed.

Affirmed.

GUILD, P. J., and T. MORAN, J., concur.