THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES JENNINGS, Defendant-Appellant.

First District (5th Division)   No. 62521

Opinion filed April 9, 1976.

James R. Streicker, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Roger Horwitz, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant, Charles Jennings, was charged by indictment with the murder of Roy Givhan. He was also indicted for attempt murder of two other persons. Following a bench trial, defendant was found guilty of murder. (Ill. Rev. Stat. 1973, ch. 38, par. 9—1.) He was also found guilty of two counts of aggravated assault, but judgments were not entered on these convictions. Defendant was sentenced to the penitentiary for a term of 14 to 18 years. On appeal defendant's sole contention is that he was not proven guilty beyond a reasonable doubt.

At trial Sidney Grant testified that on the morning of April 13, 1974, he left his apartment in Harvey, Illinois, and went to a service station at 147th and Wood Streets. He was accompanied by Givhan, who was one of his roommates. Defendant, whom Grant stated was his cousin, was at the station. There was an argument between Grant and the defendant concerning a piece of jewelry that Givhan claimed had been taken from him by defendant. A fist fight between Grant and defendant resulted which lasted for several minutes.

Grant stated that after the fight ended, he and Givhan returned to their apartment. A third roommate, Leroy Milton, was present, as were Grant's brother and two friends. Givhan was in the kitchen while Grant went to the bedroom to use the telephone. Grant was in the bedroom with his brother and two friends when he heard Givhan say, "He got a gun." Grant could see Givhan standing in the kitchen, about four feet away, when he heard a gunshot and saw Givhan fall to the floor.

Grant saw the defendant, who was holding a gun, come towards the bedroom. Defendant tried to get into the bedroom and struggled with

Grant to keep the door open. Grant finally managed to close the door, propping it shut with a dresser. Four shots were fired at the door. Soon afterward more shots were fired from outside the apartment, one of which struck Grant in the nose.

On cross-examination defense counsel read a portion of testimony Grant gave before the grand jury which indicated that the bedroom door was closed at the time that Givhan was shot.

At a previous hearing on a motion to suppress the identification of defendant, Leroy Milton testified that he was in the bathroom when Givhan stated, "He got a gun." The bedroom door closed and three shots were fired into it. Another shot was fired at Milton when he peered out of the bathroom. Milton stated that Givhan was shot only after these shots were fired. Although Milton's identification of defendant was suppressed, the remainder of his testimony was allowed to stand at trial.

OPINION

■■ Defendant contends that his conviction rests solely upon evidence that is unworthy of belief. It is argued that since Milton's identification was suppressed, the only testimony implicating defendant was from Sidney Grant. Defendant asserts that Grant's testimony is insufficient to support a conviction since there was a conflict in the testimony of the two witnesses pertaining to the sequence in which the shots were fired, and also because of the discrepancy between Grant's testimony before the grand jury and at trial.

The testimony of a single witness is sufficient to convict provided that the identification is positive and the witness is credible. (*People v. Stringer*, 52 Ill. 2d 564, 289 N.E.2d 631.) Where the evidence is in conflict, it is the province of the trier of fact to determine the credibility of the witnesses and the weight to be afforded their testimony. (*People v. Morris*, 123 Ill. App. 2d 250, 263 N.E.2d 362.) In a bench trial, that determination is made by the trial judge. (*People v. Nichols*, 32 Ill. App. 3d 265, 336 N.E.2d 194.) The conflict in testimony concerning the order in which the shots were fired did not render Grant's testimony unworthy of belief. The trial judge could have reasonably concluded that Milton's account of the sequence of events did not conclusively impeach Grant's testimony. We will not reverse that determination. *People v. Stock*, 15 Ill. App. 3d 722, 304 N.E.2d 646; *People v. McAfee*, 80 Ill. App. 2d 142, 225 N.E.2d 74.

■■■ The second point defendant raises concerns a discrepancy in Grant's testimony before the grand jury. On cross-examination Grant admitted to giving the following statement to the grand jury:

"Q. Did you see Charles Jennings put a weapon to his head [Roy Givhan's head] and fire a weapon?

A. No, but he shot him in the head because after they left I went chasing him.

Q. But you didn't see him actually fire the gun, right?

A. No.

Q. The door was closed and you were in the bedroom at that time?

A. Yes."

On redirect examination the prosecution read the portion of the grand jury transcript that immediately preceded this testimony:

"Q. Did you see Mr. Jennings with the gun?

A. Yes, at the bedroom door.

Q. How did you see him with the gun?

A. Because it was in his right hand.

Q. Where were you standing when you see him with the gun?

A. I was standing in the bedroom by the dresser. The dresser is right on the side of the door.

Q. Did Mr. Jennings actually get into the bedroom?

A. No. He was trying to, but he couldn't get in. He went out, and that's when some shots come into the bedroom."

The grand jury testimony was used only for the purpose of impeachment, and any discrepancy went only to the issue of the witness' credibility. Again, this issue was a question for the trier of fact (*People v. McCoy*, 133 Ill. App. 2d 416, 273 N.E.2d 430), and a reviewing court will not substitute its judgment for that of the trial court on questions involving the credibility of the witnesses or the weight of the evidence. (*Stringer; People v. Nicholls*, 44 Ill. 2d 533, 256 N.E.2d 818.) Moreover, we note that Grant strongly protested that the transcript of his previous testimony as quoted by the defense was not accurate in describing what occurred. Considering the sequence of the questions, it is not difficult to believe that Grant was confused regarding the question of the time that the door was closed. Except for this one instance, the witness' testimony remained consistent in relating the manner in which events transpired. The judgment of the trial judge will not be disturbed on review unless the evidence is so unsatisfactory as to leave a reasonable doubt of guilt. (*People v. Hampton*, 44 Ill. 2d 41, 253 N.E.2d 385.) Grant's testimony, considered as a whole, was not improbable or contradictory and was sufficient to sustain the conviction. See *People v. Trice*, 127 Ill. App. 2d 310, 262 N.E.2d 276.

The judgment is affirmed.

Affirmed.

LORENZ, P. J., and BARRETT, J., concur.