*In re* MICHAEL RIVERA, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* MICHAEL RIVERA, Respondent-Appellant).

First District (4th Division)   No. 62940

Opinion filed March 3, 1977.

James J. Doherty, Public Defender, of Chicago (David W. Hirschboeck, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Joan S. Cherry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

A petition for adjudication of wardship was filed charging the 15-year-old minor-respondent, Michael Rivera, with delinquency for having committed the offenses of arson of personal property, aggravated battery and use of an intoxicating compound. (Ill. Rev. Stat. 1973, ch. 38, pars. 20—1(a), 12—4(b)(1), 81—1.) Following a bench trial, respondent was found delinquent for having committed the offense of aggravated battery. A directed finding was entered for respondent on the arson charge, while the use of intoxicating compound charge was dismissed. Respondent was committed to the Department of Corrections.

Respondent appeals from the finding of delinquency, contending that he was not proven guilty beyond a reasonable doubt of having committed the offense of aggravated battery.

We affirm the trial court.

At the trial, Miguel Perez, 12 years of age, testified for the State. No issue was raised as to his competency to testify. On direct examination, Perez stated that at 6 p.m. on January 11, 1975, he was visiting Inez Preston at her home. He heard noises coming from the rear of the house. He looked out on the back porch where he saw a youth, whom he recognized as respondent, light matches and set fire to a lampshade and a bedspread. Perez screamed for the aid of Renee Preston, Inez Preston's daughter, who was in the basement. After respondent set the fire, he ran away. At 6:30 p.m. that same evening, Perez heard banging noises on the back porch window and went to investigate. He then watched while

respondent lit a match and threw it on a carpet which was stored on the back porch.

Perez further stated that at 8 p.m. that evening he again heard noises emanating from the area of the rear porch. When Perez opened the door to the porch, respondent jumped upon him. Respondent was holding a switchblade knife with which he ripped the two shirts Perez was wearing. Although Perez had kept the shirts at home since the date of the incident and his mother had washed them in the interim, Perez testified that the shirts were in substantially the same condition as they were on the date of the incident.

Perez's testimony on cross-examination in substance was similar to that elicited upon direct examination. However, he recounted the chronology of events differently. Perez stated that the knife attack occurred at 6 p.m., while on direct examination he had indicated 8 p.m. In addition, Perez testified on cross-examination that respondent had attacked him from the side, but he agreed with defense counsel that the tears in the shirt appeared to be in front. Perez also stated that he was not physically injured during the attack. Perez asserted that the fire was started at 6:30 p.m. and that this was the only burning incident that evening. On direct examination he had alluded to two fire incidents.

Perez further testified that he screamed for help when he was attacked. Renee Preston responded but by the time she arrived, respondent had fled. Renee Preston called the police at that time. Perez stated he recognized respondent in connection with the events he described and that he had known respondent for five years.

Respondent testified on his own behalf. He stated he did not threaten or attack Perez with a knife on January 11, 1975, or at any other time. He also denied having been on the rear porch of the Preston residence on January 11, 1975. Respondent stated he was with friends of his on January 11, 1975, and that they had walked around together from 4:30 to 6 p.m. He testified that at 6 p.m. he left his friends and went to the home of a woman named Dawn. Respondent called no other witnesses on his behalf.

After closing arguments, the court entered a finding of delinquency on the grounds of aggravated battery.

OPINION

■■ The finding of delinquency can be sustained only if the evidence is sufficient to prove, beyond a reasonable doubt, that respondent was guilty of committing aggravated battery. (*In re Whittenburg* (1973), 16 Ill. App. 3d 224, 305 N.E.2d 363.) In the instant case, the finding that an aggravated battery occurred was based upon the sole testimony of the victim, Miguel Perez. His testimony was in direct conflict with the testimony of respondent, who denied being present at the scene of the

occurrence. In effect, the trial court was confronted with determining the credibility of the testimony of Miguel Perez and of respondent.

A conviction may be supported by the testimony of a single witness, even if the testimony is contradicted by the accused, but the witness must prove himself positive and credible. (*People v. Stringer* (1972), 52 Ill. 2d 564, 289 N.E.2d 631; *People v. Jennings* (1976), 37 Ill. App. 3d 982, 347 N.E.2d 421.) It is axiomatic that the trial judge, sitting without a jury, is in the best position to view the demeanor of the witness testifying before him, and a reviewing court will set aside the finding only if the evidence is so unsatisfactory as to leave a reasonable doubt of guilt. (*People v. Akis* (1976), 63 Ill. 2d 296, 347 N.E.2d 733; *People v. Owens* (1976), 45 Ill. App. 3d 1012, 360 N.E.2d 481; *People v. Harbarugh* (1976), 40 Ill. App. 3d 295, 352 N.E.2d 412.) In reviewing the record, we find that the trial judge could properly have chosen to believe the testimony of Miguel Perez.

■■ Respondent urges that the trial judge's finding should be reversed since the recounting of events by the complaining witness contained major inconsistencies which casts serious doubt upon the credibility of his testimony. (*People v. Poltrock* (1974), 18 Ill. App. 3d 847, 310 N.E.2d 770.) Respondent points to (1) an alleged two-hour discrepancy between the time of the physical attack attested to by Perez on direct examination and as later disclosed by him during his cross-examination; (2) Perez's account of two alleged burning incidents and his later statement that there was only one; and (3) Perez's admission that he was attacked from the side while the two shirts appeared to have been ripped in front and in different places.

On direct examination, Perez indicated that the attack occurred at 8 p.m., while on cross-examination he volunteered that the time of the attack was 6 p.m. The record discloses that the 8 p.m. time was derived in the following manner:

> "State's Attorney: Miguel, calling your attention to January 11, 1975, at about eight o'clock P.M. where were you."

In response, Perez recounted the events relating to the physical attack. Upon further direct examination, Perez related the incidents that occurred at about 6:30 p.m. that evening, and then what occurred at about 6 p.m. Considering the age and lack of experience of the 12-year-old youth, his statement that he was not fully comfortable with the English language, and that the questions asked were in inverse chronological order, it is understandable that he would be confused and give seemingly contradictory testimony concerning the sequence of events. These discrepancies as to time can be considered minor and do not destroy the credibility of the witness. See *People v. Goodwin* (1974), 19 Ill. App. 3d 83, 311 N.E.2d 199; *People v. Zaeske* (1966), 67 Ill. App. 2d 115, 213 N.E.2d 577.

■■ In spite of any claimed time discrepancy in Perez's testimony, there are several countervailing features of his testimony regarding the knife attack which are supportive of his credibility. Perez was consistent in his recounting of the facts surrounding the alleged attack, and he was insistent about the fact that the attack took place. Furthermore, Perez was positive that it was respondent who attacked him. There is no question that Perez was capable of identifying respondent, since he had known him for five years prior to the time of the occurrence. As noted by this court in *People v. Wilbert* (1973), 15 Ill. App. 3d 974, 980, 305 N.E.2d 173, 177:

> "The testimony of Kenneth Elders [complaining witness] standing alone was sufficient to prove the defendant guilty beyond a reasonable doubt. It cannot be gainsaid that in certain respects his testimony was contradictory, inconsistent and impeached. However, the most significant aspect of Elders' testimony was that it was unfaultering. Elders never waivered from his identification of the accused as the one who shot him. This identification was not effectively impeached and went unshaken on cross-examination."

■■ The second claimed inconsistency in Perez's testimony is that Perez told of two burning incidents on January 11, 1975, yet later stated to the court that there was only one that evening. However, it was adduced on cross-examination that Perez actually witnessed the burning of the rug three days later on January 14, 1975, at 6 p.m. While the witness displayed confusion about the days involved, he was nevertheless unfaltering in his factual account of what occurred and who was involved on January 11, 1975. This discrepancy does not of itself destroy his credibility as a witness. (See *People v. Williams* (1969), 118 Ill. App. 2d 341, 255 N.E.2d 44.) Again, considering the totality of the evidence, as well as the language difficulty of the youth, we cannot conclude that the inconsistency referred to is of such a magnitude as to detract substantially from the conclusions reached by the trial court.

■■ As further grounds for impeachment of Perez, respondent urges that the fact that the shirts appeared ripped from the front vitiates Perez's testimony that he was attacked from the side. We find respondent's contention untenable. The fact that the shirts were ripped and torn in the front does not compel a finding that it was impossible for Perez to have been attacked from the side.

As his final contention, respondent asks us to consider as reversible error the admission into evidence of the two shirts belonging to Perez. Respondent points out that the shirts were washed after they were admitted into evidence and that Perez was allowed to keep them at his home during a two week continuance in the trial. Respondent argues that

there was thus an ample opportunity for Perez to have altered the condition of the shirts.

■■■ However, "[w]here there is no evidence or claim of tampering and a witness' positive identification of the exhibit is not impeached, the witness' testimony and even the exhibit itself would be properly admissible even though there was no perfect chain of possession shown. (*People v. Nemke* (1970), 46 Ill. 2d 49, 263 N.E.2d 97, *cert. denied*, 402 U.S. 924.)" (*People v. Baer* (1974), 19 Ill. App. 3d 346, 350, 311 N.E.2d 418, 422.) Furthermore, "[t]he trial court's discretionary ruling on identification of evidence sufficient for its admissibility is subject to reversal only for an abuse of discretion." (*United States v. Bridges* (7th Cir. 1974), 499 F.2d 179, 185, *cert. denied*, 419 U.S. 1010.) In the instant case there was no hint of tampering with the shirts. In fact the condition of the shirts as offered into evidence is a basis for respondent's claim that the attack did not take place as asserted by Perez. We find that the trial judge used his discretion properly in admitting the shirts into evidence.

In carefully reviewing the record and particularly considering each of the discrepancies in the testimony of Perez mentioned in respondent's brief, we find that the discrepancies noted are not so substantial as to vitiate or impair the quality of Perez's testimony. We find that the guilt of the respondent was proven beyond a reasonable doubt.

For the foregoing reasons, the trial judge's finding of delinquency on the grounds of aggravated battery is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.