THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MARK THOMPSON, Defendant-Appellant.

First District (4th Division)    No. 76-1402

Opinion filed December 8, 1977.

Zelma L. Berger, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Michael J. Boyle, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ROMITI delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County defendant, Mark Thompson, was convicted of voluntary manslaughter (Ill. Rev. Stat. 1975, ch. 38, par. 9—2(a)), and sentenced to the penitentiary for a term of 3 to 9 years. Defendant contends that he was not proved guilty beyond a reasonable doubt and the sentence was excessive.

We affirm the conviction and sentence.

## I.

The record reveals that about 10 p.m. on February 21, 1975, Ricardo Love, Anthony Marshall, defendant and his brother, Edward Thompson

(hereinafter deceased) were in an apartment in which defendant resided with his mother and deceased. According to the testimony of Anthony Marshall, Love, he and deceased had been drinking beer and vodka and smoking marijuana, but defendant had not engaged in these activities. An argument ensued between defendant and deceased concerning ownership of a starter's pistol. Deceased punched defendant several times in the chest and the altercation continued in the kitchen. Defendant grabbed a bottle but deceased took it from him and then threw a pot of cold water at defendant. At this time defendant obtained a butcher knife and a brief struggle ensued. Defendant, who had gained sole possession of the knife, then started to move toward deceased. The latter retreated from the kitchen through the apartment and into a bedroom. Marshall did not see what occurred thereafter, but several minutes later deceased emerged from the bedroom holding his chest. Deceased was taken to the hospital by Marshall and Love. Defendant was arrested at the hospital when he arrived later. A pathological report to which both sides stipulated established the cause of death as a stab wound in the chest. Deceased also had a laceration on the inner portion of his left hand.

Police officer Rotkvich advised defendant of his constitutional rights after defendant was arrested. Defendant told him that the stabbing had been an accident, although he later claimed it occurred during an argument. During this time defendant did not claim he had been injured.

The trial court found that defendant had acted under a sudden and intense passion. However, defendant urges that he acted in self-defense. Defendant relies on the argument that he obtained a knife only after deceased committed a battery on him and continued the threat upon his safety as justification for killing his brother.

As this court stated in *People v. Owens* (1977), 45 Ill. App. 3d 1012, 1016, 360 N.E.2d 481:

> "It has been consistently held that the question of whether a killing is justified under the law of self-defense is a question of fact. (*People v. Muldrow* (1975), 30 Ill. App. 3d 209, 332 N.E.2d 664; *People v. Spriggs* (1974), 20 Ill. App. 3d 804, 314 N.E.2d 573.) Under the statute, the trier of fact must determine: (1) whether the defendant's resort to force was reasonable under the circumstances and (2) whether the amount of force used was commensurate with the force encountered. *People v. Wood* (1974), 24 Ill. App. 3d 15, 320 N.E.2d 32.
>
> We note that '[a] finding by the trial court as to whether or not defendant's belief was reasonable will not be reversed unless it is clear that the finding was erroneous.' (*People v. Wood* (1974), 24 Ill. App. 3d 15, 20, 320 N.E.2d 32, 35.) Furthermore, '[t]he judgment of the trial judge will not be disturbed on review unless

the evidence is so unsatisfactory as to leave a reasonable doubt of guilt.' *People v. Jennings* (1976), 37 Ill. App. 3d 982, 985, 347 N.E.2d 421, 423." See also *People v. Pickett* (1976), 35 Ill. App. 3d 909, 913, 342 N.E.2d 766; *People v. Davis* (1975), 33 Ill. App. 3d 105, 109, 337 N.E.2d 256.

■■ ■ The circumstances of this case establish defendant was assaulted by his brother and the fight continued until defendant gained possession of a knife. At this juncture deceased began to retreat and defendant became the aggressor. It is clear that under those circumstances any belief by defendant that deceased was a threat to his life was unreasonable and a claim of self-defense would be unavailing. (*People v. Jackson* (1975), 35 Ill. App. 3d 215, 221-22, 340 N.E.2d 673.) The trial court did not err in convicting defendant of voluntary manslaughter. As the trial court found, the evidence plainly indicated that defendant acted from a sudden and intense passion caused by the quarrel with deceased and the latter's unprovoked assault upon defendant.

## II.

■■ Defendant also maintains that his sentence was excessive. Defendant relies upon the fact that he was 17 years old when the offense occurred, had no prior criminal record and was a student. While he requests that his sentence be modified to probation, this court is without authority to effect such request. (*People v. Rege* (1976), 64 Ill. 2d 473, 480-82, 356 N.E.2d 537.) Nor is this an appropriate case for a reduction of sentence. In *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882, our supreme court held that in the absence of an abuse of discretion a court of review should not reduce a sentence imposed by the trial court which is within the statutory limits prescribed by the legislature, as here. The record does not demonstrate a basis to conclude the trial court's sentence was improper. *People v. Davis* (1975), 33 Ill. App. 3d 105, 337 N.E.2d 256.

Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and LINN, J., concur.