THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DERRICK S. WALKER, a/k/a Derrick Steve Walker, a/k/a Frederick G. Haron, Defendant-Appellant.

First District (5th Division)    No. 77-964

Opinion filed March 17, 1978.

James J. Doherty, Public Defender, of Chicago (Andrea D. Lyon and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Kenneth T. McCurry, and Suzanne Philbrick, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

After a bench trial, defendant was found guilty of aggravated battery with a deadly weapon and aggravated battery resulting in great bodily harm, and was sentenced to serve two concurrent terms of one to three years. He was acquitted of attempt murder and of another charge of aggravated battery. On appeal, he contends (1) the State failed to prove beyond a reasonable doubt that he was not acting in self-defense; (2) the

prosecutor's conduct in making an offer of proof denied him a fair trial; and (3) he was improperly convicted and sentenced on two aggravated battery counts where they arose from a single act.

The testimony of the State's three witnesses was substantially the same. Robert Wright, Perry Wright, and Samuel Williams all testified that Williams · drove Robert, Perry, and one Marcus Schaeffer to a neighborhood grocery store; that Williams parked the car near the entrance but remained in the car with Robert while Perry and Schaeffer entered the store to purchase four bottles of soda pop. Williams and Robert saw defendant enter and later come out of the store and stand in front of it. Both said that Perry then came out of the store and, when defendant grabbed his coat lapels, Robert left the car and tapped defendant on the shoulder. Robert also testified that not knowing what the argument was about or whether defendant and his brother were friends, he tapped defendant on the shoulder and, when he asked him what he was doing, defendant turned and stabbed him with a knife. Williams, who had remained in the car, also testified that when Robert tapped defendant's shoulder he turned and stabbed Robert.

Perry testified that defendant approached him in the store, grabbed him by the coat lapels and said, "Give me my money, punk," and he replied that he did not owe defendant any money. At this point, the owner of the store intervened, and defendant left. Perry said that when he walked out, defendant grabbed him by his coat lapels and again asked him for money; that Robert then got out of the car and tapped defendant on the shoulder and, when he asked defendant what he was doing, the latter pulled out a knife, spun around, and stabbed Robert. Marcus Schaeffer did not testify.

Defendant was the sole witness in his defense, and he testified that he followed Perry into the store where he asked him for payment of a $30 gambling debt that Perry owed him from a dice game. The conversation continued outside the store, where defendant said he and Perry grabbed each other, but when he was grabbed from behind by Robert he released Perry, who proceeded to break a bottle of soda pop and approached him with the broken bottle. To protect himself, he said he reached into his pants pocket, took out his pocket knife, pulled it open with one hand, turned and stabbed Robert.

OPINION

Defendant initially contends the State failed to meet its burden of proving beyond a reasonable doubt that he did not act in self-defense.

■■ Section 7—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 7—1) provides as follows:

> "A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is

necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the commission of a forcible felony." (Ill. Rev. Stat. 1975, ch. 38, par. 7—1).

Once defendant presents some evidence of self-defense, the State must overcome it by proof beyond a reasonable doubt to sustain a conviction. (*People v. Wood* (1974), 24 Ill. App. 3d 15, 320 N.E.2d 32; *People v. Halley* (1973), 13 Ill. App. 3d 719, 300 N.E.2d 645.) Whether one acted in self-defense is a question to be determined by the trier of fact (*People v. Owens* (1977), 45 Ill. App. 3d 1012, 360 N.E.2d 481; *People v. Spriggs* (1974), 20 Ill. App. 3d 804, 314 N.E.2d 573), and its determination is not to be disturbed on review unless it is so unsatisfactory as to raise a reasonable doubt of defendant's guilt (*People v. Rowe* (1977), 45 Ill. App. 3d 1040, 360 N.E. 2d 436; *People v. Owens*).

In the instant case, the only evidence of self-defense was defendant's testimony that Robert grabbed him from behind and, when Perry came toward him with a broken bottle, he pulled out his knife and stabbed Robert. This testimony was in direct conflict with that of the three State's witnesses, who testified that Robert merely tapped defendant on the shoulder and, when he did so, defendant swung around and stabbed him.

A reviewing court should not substitute its judgment for that of the trier of fact on the credibility of witnesses unless the proof is so unsatisfactory as to warrant a reasonable doubt of guilt. *People v. Stewart* (1973), 12 Ill. App. 3d 226, 297 N.E.2d 391.

■■ Here, in finding defendant guilty of two charges of aggravated battery, it is obvious that the trial court chose to believe the testimony of the State's witnesses. This was within its province, as the trier of fact need not accept as true the testimony of defendant on the issue of self-defense. (*People v. Muldrow* (1975), 30 Ill. App. 3d 209, 332 N.E.2d 664.) By its finding, the court necessarily found that the State's evidence overcame its burden of establishing beyond a reasonable doubt that defendant was not acting in self-defense. We believe the record supports this determination of the court.

■■■ Moreover, a person seeking to avail himself of the defense of self-defense must not be the aggressor. (Ill. Ann. Stat. 1975, ch. 38, par. 7—1, Committee Comments, at 364 (Smith-Hurd 1972); *People v. Oliver* (1973), 11 Ill. App. 3d 152, 296 N.E.2d 70.) An aggressor under the Criminal Code is justified in the use of force only when:

"(1) Such force is so great that he reasonably believes that he is in

imminent danger of death or great bodily harm, and that he has exhausted every reasonable means to escape such danger other than the use of force which is likely to cause death or great bodily harm to the assailant; or

(2) In good faith, he withdraws from physical contact with the assailant and indicates clearly to the assailant that he desires to withdraw and terminate the use of force, but the assailant continues or resumes the use of force." (Ill. Rev. Stat. 1975, ch. 38, par. 7—4.)

Thus, even if the trial court believed defendant's testimony that he stabbed Robert because Perry was coming towards him carrying a broken bottle, it appears that defendant initiated the confrontation with Perry both verbally and physically in the store and again outside the store. In view thereof, the trial court could reasonably have concluded that defendant was an aggressor and, because there was no evidence that defendant either attempted to escape or expressed a desire to withdraw from the conflict, we believe the trial court could properly have concluded that the stabbing was not justified.

Defendant next contends that the prosecutor deprived him of a fair trial by making an offer of proof concerning a statement which had been earlier ruled inadmissible.

The State asked its witness (Williams) to relate a statement made to him by defendant immediately after the stabbing. It was established at a side bar conference that defendant allegedly said, "You want some too, m__ f__?" The court ruled the statement inadmissible and ordered it stricken from the record. Later, the court allowed the prosecutor, over objection, to make an offer of proof as to the same statement. The court refused the offer and again ordered the statement stricken.

In a bench trial, it is presumed that the trial court makes its findings only upon competent evidence. (*People v. Gilbert* (1977), 68 Ill. 2d 252, 369 N.E.2d 849; *People v. Holtz* (1974), 19 Ill. App. 3d 781, 313 N.E.2d 234.) Defendant recognizes this rule but, relying on *People v. Nuccio* (1969), 43 Ill. 2d 375, 253 N.E.2d 353, and *People v. Pughsley* (1966), 73 Ill. App. 2d 442, 220 N.E.2d 89, he argues that the statement was so damaging and the action of the prosecutor in bringing it to the attention of the court the second time was so deliberate and prejudicial, that a new trial is required. We disagree.

*Pughsley* involved a jury trial where inferences were made by the prosecutor twice and once by the court concerning an inadmissible inculpatory statement. The trial court eventually held the statement to be inadmissible and instructed the jury to disregard the references to it. On appeal, it was held that in a jury trial, where the effect of these damaging

comments on the jury could not be determined, the instruction to disregard was insufficient to cure the harm caused. In the instant case, we are concerned with a bench trial in which the court on both occasions immediately denied admission of the statement and ordered it stricken from the record—clearly showing that it was considering only competent evidence. In *Nuccio*, the prosecution in a bench trial asked numerous questions of a defense witness insinuating misconduct of defendant (nine pages of the opinion were required to set forth the many improper questions asked), and then the State failed to present rebuttal testimony in response to the denials of the witness concerning such misconduct. No objections were made by defense counsel, who was apparently of the belief that the State would present supporting proof. The question presented was whether this pattern of prejudicial and unsupported insinuations, which would necessitate a new trial had the case been heard by a jury, required the same result in a bench trial. The court reversed, stating that where there are a substantial number of unsupported insinuations "which, if considered, could have seriously impeached the credibility of the defendant and his witnesses, and there is no indication of the court's awareness of this impropriety even though it is brought to his attention, * * * justice and fundamental fairness demand that the defendant be afforded a new trial free from such prejudicial misconduct."

■■ We find no such gross impropriety in the case before us. The court heard defendant's prejudicial statement twice. This, we feel, falls far short of the type of prejudicial misconduct in *Nuccio*. Furthermore, there is no question that defendant did the stabbing and, as we have pointed out above, the court indicated its awareness of the impropriety by finding the statement inadmissible and ordering it stricken from the record. In the light thereof, we see no merit in the contention of defendant that he was denied a fair trial.

Finally, defendant contends that he was improperly convicted and sentenced for aggravated battery, resulting in great bodily harm and aggravated battery with a deadly weapon (Ill. Rev. Stat. 1975, ch. 38, pars. 12—4(a) and 12—4(b)(1)), because both offenses arose out of a single act. The State, however, maintains that the convictions may stand because each involved a separate offense requiring different elements of proof.

A defendant may not be convicted of multiple offenses which arise from a single act or course of conduct. (*People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1.) However, where more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, multiple convictions with concurrent

sentences may be entered. *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 845.

■■ From our review of the record, there appears little question that both of the aggravated battery convictions arose out of defendant's single act of stabbing Robert Wright and not from a series of incidental or closely related acts. Accordingly, we will vacate defendant's conviction and sentence for aggravated battery with a deadly weapon. *People v. Lilly*; see also *People v. Simms* (1976), 38 Ill. App. 3d 703, 709, 348 N.E.2d 478, 483; *People v. Clark* (1975), 32 Ill. App. 3d 926, 932, 337 N.E.2d 291, 296.

For the foregoing reasons, we affirm the conviction and sentence for aggravated battery resulting in great bodily harm and vacate the conviction and sentence for aggravated battery with a deadly weapon.

Affirmed in part; vacated in part.

MEJDA and WILSON, JJ., concur.