THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MILTON DOWIELS, Defendant-Appellant.

(No. 71-6;

Fifth District—February 1, 1972.

Kenneth L. Jones, of Defender Project, of Mt. Vernon, (Robert E. Farrel, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, (Richard F. Nash, Assistant State's Attorney, of counsel,) for the People.

PER CURIAM:

Milton Dowiels pleaded guilty to the crime of burglary in the Circuit Court of St. Clair County and received a sentence of not less than 2 years nor more than 5 years in the penitentiary. The sole issue on appeal is whether the trial court erred in denying defendant's application for probation.

Defendant and two others broke a window in the residence of an aunt of one of the other boys and took two television sets and several other items. At the time he was a seventeen year old high school student in the eleventh grade and regular in attendance. He had no prior record of convictions although he had been arrested three times, twice as a suspect and once on a traffic violation. He had also been arrested on a rape charge but this was dismissed because he was not involved. There was additional testimony that defendant attended an after school class in auto mechanics, held summer and Christmas vacation jobs, and lived in a stable home with his parents who are concerned and willing and able to help him. The probation officer expressed his opinion that defendant is a boy who has been unduly and badly influenced by friends, particularly by an older friend who took part in the burglary. Defendant himself recognized this fact, expressing regret that he had been associating with the wrong people, admitting that what he had done was wrong, and asking for a chance to change and better himself. Following the denial of defendant's application for probation on March 16, 1970, he was confined until March 22, 1971, when he was released on an appeal bond.

■■ In *People v. McClendon*, 265 N.E.2d 207, we had occasion to give detailed consideration to the statute on probation, (ch. 38, par. 117—1 Ill. Rev. Stat.) We reiterate our findings there that probation is an authorized mode of mild and ambulatory punishment intended as a reforming discipline and is not only proper but imperative where neither the safety and security of the community or the rehabilitation of the defendant requires imposition of the penalty provided by law. We stated further that probation proceeds on the simple formula that taking a man out of society is not necessarily the best way to teach him to live in society. These principles are particularly applicable to the case before us. The defendant is a young, immature boy whose background, position and attitude make him highly susceptible to rescue as a useful and contributing member of society. This, we believe, can best be accomplished

by granting him the opportunity to continue his high school education with his peers under the guidance and supervision of his parents and his probation officer. To expose him to association in the penitentiary with hardened and veteran criminals could only have the exact opposite effect. ■■ We conclude that the trial court's denial of defendant's application for probation constituted an abuse of discretion, and the judgment of the Circuit Court of St. Clair County is reversed and the cause remanded with directions to vacate the order sentencing defendant to the penitentiary and for further proceedings consistent with this opinion.

Reversed and remanded.