THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMIE C. PETERS, Defendant-Appellant.

(No. 73-185;

Fifth District—March 25, 1974.

Thomas A. LeChien, Ltd., of Belleville, for appellant.

Robert Emmett Murphy, State's Attorney, of Waterloo, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant, Jimmie Peters, was convicted upon his guilty plea of giving alcoholic beverages to a minor (Class B misdemeanor) in Monroe County. This action was in violation of section 12 of article VI of the Dram Shop Act (Ill. Rev. Stat., ch. 43, sec. 131). Application for probation was made and an extensive report was presented to the court, including a report of psychological examination. The State agreed not to make any recommendation from the probation report. The Court denied the defendant probation and on June 12, 1973, sentenced the defendant to a period of 6 months to the Department of Corrections. The mittimus was issued for incarceration of the defendant in the Vandalia State Penal Farm. This was the maximum sentence available under the Unified Code of Corrections, and the defendant was released on bond by this court pending appeal.

The appellant presented two issues on his appeal, namely:

(1) whether the penalty imposed by the trial court was too harsh.

(2) whether the trial court arbitrarily abused its discretion in determining whether probation should be granted.

■■ This court has long been willing to exercise its power under Supreme Court Rule 615(b) to reverse orders denying probation. (*People v. Evrard*, 65 Ill.App.2d 118, 242 N.E.2d 305; *People v. Harpole*, 97 Ill.App.2d 28, 239 N.E.2d 471; *People v. McClendon*, 130 Ill.App.2d 852, 265 N.E.2d 207; *People v. Dowiels*, 3 Ill.App.3d 813, 279 N.E.2d 121.) This court has looked to job opportunities, reputation in the community, restitution, and the potential for becoming a productive member of the community in deciding whether to reverse the trial court's exercise of discretion in a particular case.

The probation report and psychological examination are the main sources of information about the appellant, who was 22 years of age at the time of the report. The offense itself involved no violence. The record discloses an arrest in 1972 for disorderly conduct and resisting arrest, and defendant was serving 1 year's probation. A petition to revoke this probation was filed but not finally adjudicated. The present offense occurred while appellant was still on probation from the original offense. Consequently, with appellant's record on probation, the recommendation is no surprise. The report does disclose a fairly steady employment record, including employment at the time of his arrest, the most lucrative to date.

This court takes special note of the court-ordered psychological examination and its recommendations. The recommendations of this report seem contrary to those in the probation investigation. Well supervised

probation appears to be more called for by the psychological examination, perhaps with some counseling, if available. Given the minor nature of the offense (giving a six-pack of beer to two minors, ages 19 and 17), a sentence of 6 months seems unduly harsh and should be vacated.

" 'The basic philosophy of probation is that *young* and *unhardened* criminals should not be exposed to the "contaminating influence of association with hardened or veteran criminals", but should have an opportunity to rehabilitate themselves under the supervision of a probation official without institutional confinement.' " (*People v. Carleton*, 16 Ill. App.2d 450, 451-452.) (Emphasis added.) The above language coupled with the opinion in *People v. McClendon*, 130 Ill.App.2d 852, 265 N.E.2d 207, treating the underlying principles of probation, convince this court that this case falls into the category of cases where probation should be reconsidered by the court.

The judgment of the conviction is affirmed. The sentence imposed by the trial court is vacated and the case is remanded to the Circuit Court of Monroe County with directions to grant the petition for probation in the absence of a finding of aggravating circumstances subsequent to the sentence here imposed, and if probation is granted, to determine the length of the period of probation, and the terms and conditions thereof in accordance with the statutory provisions related thereto.

Conviction affirmed, sentence vacated, and cause remanded with directions.

G. MORAN, P. J., and CREBS, J., concur.