(No. 52745.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. RONNIE LEE ROBINSON, Appellee.

*Opinion filed December 1, 1980.—Rehearing denied January 29, 1981.*

William J. Scott, Attorney General, of Springfield, and Charles Romani, Jr., State's Attorney, of Greenville (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Thomas R. Lamont, Keith P. Vanden Dooren, Martin N. Ashley, and William S. Zale, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

John H. Reid, Deputy Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Ronnie Lee Robinson, appearing *pro se,* entered pleas of guilty in the circuit court of Bond County to charges of theft of property exceeding $150 and violation of a bail bond. He was sentenced to concurrent terms of imprisonment of five and three years, respectively, with credit for "time heretofore served." An attorney was appointed to represent him in subsequent proceedings, motions were filed to vacate defendant's pleas of guilty (73 Ill. 2d R. 604(d)), a hearing was held, and the motions were denied. In a Rule 23 order (73 Ill. 2d R. 23), the appellate court affirmed the judgments and modified and reduced the concurrent sentences to two years for each offense. (76 Ill. App. 3d 1115.) We allowed the People's petition for leave to appeal. 73 Ill. 2d R. 315(a).

The record shows that an information was filed charging defendant with the theft of a color television set and stand from a motel situated in Bond County. Following his arrest, represented by retained counsel, defendant obtained a reduction in bail. He posted bail and thereafter entered a plea of not guilty to the charge. A trial date was set. Defendant's retained counsel filed a motion to withdraw as attorney and, with defendant's acquiescence, the motion was allowed. When defendant failed to appear, personally or through counsel, either at a hear-

ing on discovery motions or on the designated trial date, his bond was forfeited. When defendant failed to surrender himself to Bond County authorities within 30 days of the forfeiture, an information was filed charging defendant with violating the bail bond. Ill. Rev. Stat. 1975, ch. 38, par. 32—10.

Approximately one year after the bond forfeiture, apparently following his arrest in another county on an unrelated charge, defendant appeared *pro se* in the circuit court of Bond County and counsel was appointed for him. Although the record does not clearly reflect the nature of the dispute, differences developed between defendant and his appointed counsel. Defendant expressed a desire to plead guilty to both pending charges. After granting appointed counsel's 'motion to withdraw, the court admonished the defendant pursuant to Supreme Court Rules 401(a) and 402(a) (73 Ill. 2d Rules 401(a), 402(a)). Upon ascertaining that defendant desired to proceed *pro se*, the circuit court accepted defendant's change of plea to guilty to the charge of theft and his plea of guilty to violating the bail bond. A factual basis for both charges was established. Defendant thereafter elected to be sentenced according to the law effective February 1, 1978, and although he attempted to waive both, the court ordered that a presentencing investigation report be prepared and that a sentencing hearing be held.

At the sentencing hearing the People argued and presented evidence in aggravation. In mitigation, defendant introduced his wife and mother to the court, indicated his repentance, stated he had obtained employment provided probation were granted, and concluded: "I'm just begging the Court for mercy, Your Honor, that is all." The court, following the People's recommendations, thereafter entered the maximum nonextended concurrent sentences possible (see Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1), noting that "the State could

have asked for consecutive sentences and they are not." After sentencing defendant, the court admonished him pursuant to Supreme Court Rule 605 (73 Ill. 2d R. 605), and advised him of the requirement that motions to vacate the guilty pleas be filed in order to prosecute appeals in the cases. The court stated: "Failure to file the motions will waive any claim of error in these proceedings, Mr. Robinson; and further, it will affect your right to appeal so far as this proceeding is concerned."

Thereafter, at defendant's request, counsel was appointed and motions to withdraw the pleas of guilty and vacate the judgments were filed. Defendant's motions alleged, *inter alia*, that "at the Hearing on the Felony Arraignment and Plea, I was confused and did not understand the nature and term of the sentence"; that "I did not understand my rights and the admonitions of the Court"; that "I did not understand *** the nature and term of the sentence, prior to entering my plea of guilty"; and that "my plea of guilty was made without understanding and was not voluntary." After a hearing at which the court heard testimony from defendant, and from the State's Attorney and defendant's appointed counsel who had been present when the pleas were entered, the court denied the motions and defendant appealed.

In its Rule 23 order the appellate court noted:

"Appellant raises numerous points on appeal, but we speak to only one, that regarding the sentences received. We have reviewed the record and believe that under all the circumstances of this case, the sentences imposed were excessive. Therefore, pursuant to our authority under Ill. Rev. Stat. 1977, Supp., ch. 38, par. 1005—5.1, we hereby modify and reduce the concurrent sentences to two years for each offense."

The People contend that defendant waived consideration of the propriety of his sentences by failing to

include the issue in his motions to withdraw the guilty pleas. (See 73 Ill. 2d R. 604(d).) Assuming, *arguendo*, that the appellate court properly considered the question of excessive sentencing, the People further argue that it was error to reduce defendant's sentences without stating any reasons therefor. The People also contend that the decision modifying the sentences is erroneous as a matter of law since nothing in the record rebuts the presumption that the sentences were proper. Finally, it is argued that section 5—5—4.1 of the Unified Code of Corrections, as amended (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—4.1), did not change the scope of review of sentences by appellate courts, and even assuming that it did so, that the change constitutes an invalid infringement of this court's rule-making powers.

Defendant argues that since the appellate court failed to state its reasons for reducing defendant's sentences, without which it is impossible to review the accuracy of its decision, this court must remand the cause for further clarification. He contends that the record may well support an exception to the requirement that appellate review of his sentences be preserved in the motions to withdraw his guilty pleas. Specifically, it is contended that the circuit court failed to admonish defendant in substantial compliance with Supreme Court Rule 605(b), that the appellate court viewed counsel's failure to raise the issue as amounting to ineffective assistance of counsel, and that plain error occurred.

Supreme Court Rule 604(d) (73 Ill. 2d R. 604(d)) provides, *inter alia*, "Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." In his brief in this court defendant concedes that no sentencing issues had been included in the motions to withdraw the guilty pleas. Citing *People v. Porter* (1978), 61 Ill. App. 3d 941, defendant argues that failure to

include the claim of the excessiveness of the sentence constituted ineffective assistance of counsel. *People v. Porter* does not so hold. The holding in that case was that the failure to include an obvious Rule 402 violation denied defendant effective assistance of counsel, and on this record the excessiveness of the sentence is far from obvious.

We note parenthetically that in *People v. Cox* (1980), 82 Ill. 2d 268, the court adhered to its holding in *People v. Perruquet* (1977), 68 Ill. 2d 149, that a reviewing court may alter the sentencing judge's disposition only upon a finding of an abuse of discretion. The record here reflects three prior felony convictions, and even if the issue were not waived, the record does not support defendant's contention.

In his brief, defendant asks that in the event of reversal we remand the cause to the appellate court for consideration of the issues presented to, but not decided by, that court. The brief contains a statement of those issues and we have reviewed them. An examination of the record shows that the contentions are without merit and that remandment for further consideration is unwarranted.

For the reasons herein set forth, the judgment of the appellate court is vacated and the judgment of the circuit court is affirmed.

*Appellate court vacated;*
*circuit court affirmed.*