THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM DeJESUS, Defendant-Appellant.

First District (1st Division)    No. 80-652

Opinion filed March 30, 1981.

James J. Doherty, Public Defender, of Chicago (Dennis E. Urban, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Richard F. Burke, and John A. Witten, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant was charged with murder and armed violence. After a bench trial, he was found guilty of voluntary manslaughter in violation of section 9—2(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38,

par. 9—2(b)) and was sentenced to four years' probation. Defendant appeals.

On appeal, defendant contends: (1) that the evidence was insufficient to support his conviction of the lesser included offense of voluntary manslaughter, and (2) that he was not proved guilty beyond a reasonable doubt.

On June 1, 1978, at approximately 3 p.m., a fight between two rival gangs, the Latin Kings and the Orqueta-Albanys (O-As) was in progress. The fight ended with the fatal shooting of Anibal Morales.

Defendant William DeJesus, a former member of the Latin Kings testified that as he left his girl friend's house, he saw several members of the Latin Kings and the O-As congregated on opposite corners of the west side of the intersection of Armitage and Kedzie in Chicago. He recognized his brother as one of those present in the group of Latin Kings. Fearing for his brother's safety, defendant joined the Kings. The O-As began hurling bottles and bricks at the Kings. Defendant admitted that he threw at least one bottle.

Three prosecution witnesses testified that defendant was present at the shooting. Two of the three claimed that defendant was holding a shotgun which he covered with a jacket or sweater. Only one of the three actually saw defendant shoot the gun. This witness testified that he heard a shot fired from the direction of the Kings, turned and saw defendant holding a shotgun at waist level. The deceased fell to the ground. The witness then saw defendant shoot the gun.

A defense witness testified that he was watching the gang fight from across the street when he heard a shot ring out. He claimed that he saw a Latin King gang member holding a gun, but that it was not defendant.

Defendant, along with several Latin King gang members, was arrested while fleeing from the scene of the shooting. When he was arrested, defendant did not have a weapon or a coat in his possession. Defendant appeals his conviction of voluntary manslaughter.

Defendant first contends that while the record contains facts which, if believed by the trial court, would have supported a murder conviction, it contains no facts which support his conviction of the lesser included offense of voluntary manslaughter. Therefore, he claims that he either should have been found guilty of murder or acquitted.

■■ An individual commits voluntary manslaughter when he intentionally or knowingly kills another, while acting under an unreasonable belief that deadly force is necessary to protect himself or another from imminent death or great bodily harm. (See Ill. Rev. Stat. 1979, ch. 38, par. 9—2(b).) It is within the province of the trial court sitting as trier of fact to settle conflicts in evidence and to determine whether the circumstances were such that the killing by defendant constituted murder or voluntary

manslaughter. (*People v. Young* (1973), 11 Ill. App. 3d 609, 614-15, 297 N.E.2d 298; *People v. Brumbeloe* (1968), 97 Ill. App. 2d 370, 374, 240 N.E.2d 150.) If there is any evidence in the record upon which the trial judge could find the accused guilty of voluntary manslaughter rather than murder, that finding will not be disturbed. (*People v. Horton* (1975), 29 Ill. App. 3d 704, 711, 331 N.E.2d 104.) A finding of guilty on the lesser charge of voluntary manslaughter will be reversed only if it is palpably contrary to the evidence. *People v. Smith* (1978), 58 Ill. App. 3d 784, 790, 374 N.E.2d 1285.

■■ In order for defendant's conviction to be upheld in the case at bar, the record must contain evidence which supports a finding that defendant DeJesus unreasonably believed that it was necessary to use a shotgun against Anibal Morales to protect himself or his brother from death or great bodily harm. Although the trial judge made no specific findings of fact, he could have concluded that defendant did have a gun in his possession; that upon leaving his girl friend's house, defendant observed his brother in a group of Latin Kings; that the O-As began hurling bottles and bricks at the Latin Kings; that defendant joined the group of Kings because he feared for his brother's safety; that defendant shot the victim; that he believed that circumstances existed which justified his shooting the decedent but that his belief was unreasonable. Since the record contains evidence which supports defendant's conviction of voluntary manslaughter, defendant's contention that he should either have been convicted of murder or acquitted must fail.

■■ Defendant additionally asserts that he was not proved guilty of voluntary manslaughter beyond a reasonable doubt. In support of this contention, defendant cites what he terms "critical weaknesses and discrepancies" in the testimony of the State's witnesses which render such testimony incredible. Having carefully reviewed these alleged discrepancies in testimony, we find that they are so minor that they do not warrant serious consideration. Minor inconsistencies in testimony do not render that testimony unworthy of belief or destroy the credibility of that witness, but go only to the weight to be given that testimony. See *People v. Hanna* (1969), 42 Ill. 2d 323, 247 N.E.2d 610.

The case turned largely upon the credibility of the witnesses. Since the trial judge was in a superior position to appraise their credibility, we choose to defer to his judgment.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.