THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL JORDAN, Defendant-Appellant.

First District (4th Division)    No. 84—10

Opinion filed January 24, 1985.

Daniel E. Radakovich, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Mary Ellen Dienes, and Donald G. Schweihs, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Defendant, Michael Jordan, was convicted of voluntary manslaughter after a bench trial, and was sentenced to a three-year term of periodic imprisonment. Defendant now appeals, contending that he was not proved guilty beyond a reasonable doubt. Defendant also contends the trial court abused its discretion by sentencing him to a term

of periodic imprisonment rather than probation.

The undisputed facts are that on November 13, 1982, at approximately 2 a.m., defendant and a friend, Adrell Blakely, were at the Dating Game Lounge at 89th and Stony Island. There Blakely met the victim, Albert Loving, and Sylvester Fisher, and they three discussed a cocaine transaction. When a dispute arose as to the payment for the cocaine, the three men were told by the lounge security guard to leave. Blakely left the bar, followed by Fisher, the victim and defendant.

Defendant and Blakely testified that Fisher struck Blakely on the back of the head with a bottle as they walked out the door of the lounge, although Fisher denied this. A fight then ensued between Fisher, the victim and Blakely. As defendant yelled at the men to stop the fight, Fisher and the victim threw Blakely to the ground and began to beat him. Defendant testified that, when the victim then got on top of Blakely and began choking him, he got a one-yard-long, one-inch-thick stick resembling a walking cane from his car and struck the victim on the head with it. Blakely testified that, during the fight, the victim was choking him but then stopped, although Blakely did not know why.

Fisher testified that he was on Blakely, and, when he got off him, he turned to see defendant strike the victim on the head with the stick. The victim was knocked down by the first blow, and defendant hit the victim again as he tried to get up.

The security guard from the lounge testified that, as he looked out the window during the fight, he saw the victim staggering toward defendant, who was swinging a cane at the victim's head. Defendant struck the victim with the cane as the latter continued to stagger. The security guard left to call the police, and, when he returned, he saw that the victim was lying on the ground and defendant was gone.

A deputy medical examiner testified that the victim died of severe brain injuries associated with the skull fractures he received. He opined the victim's injuries were caused by three blows to the head.

At the close of the evidence, the trial court found defendant guilty of voluntary manslaughter. The court found that the amount of force used by defendant to defend his friend was grossly excessive.

We first address defendant's contention that he was not proved guilty of voluntary manslaughter beyond a reasonable doubt because he was permitted to use deadly force against the victim to protect his friend, Adrell Blakely. Where the claim of self-defense or defense of another is raised by defendant, it becomes the State's burden to prove beyond a reasonable doubt not only all the elements of the offense,

but also to overcome defendant's claim of the justifiable use of force. *People v. Ross* (1981), 100 Ill. App. 3d 1033, 427 N.E.2d 955; *People v. Seiber* (1979), 76 Ill. App. 3d 9, 394 N.E.2d 1044; *People v. Hill* (1977), 53 Ill. App. 3d 280, 368 N.E.2d 714; *People v. Pitchford* (1976), 39 Ill. App. 3d 182, 350 N.E.2d 170.

The Criminal Code of 1961 defines when the use of force against another is permitted. Section 7—1 provides:

> "A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the commission of a forcible felony." Ill. Rev. Stat. 1983, ch. 38, par. 7—1.

To establish the defense of self-defense or defense of another, the defendant must show that unlawful force was threatened against a person, that the person threatened was not the aggressor, that the danger of harm was imminent, that the use of force used was necessary to avert the danger and that the amount of force was necessary. (*People v. Ross* (1981), 100 Ill. App. 3d 1033, 427 N.E.2d 955; *People v. Lenzi* (1976), 41 Ill. App. 3d 825, 355 N.E.2d 153; *People v. Shields* (1974), 18 Ill. App. 3d 1080, 311 N.E.2d 212.) There is a further principle involved, when, as in the instant case, the defendant uses deadly force. This principle limits the use of deadly force to those situations in which the assailant's threatened force will cause death or great bodily harm. *People v. Ross* (1981), 100 Ill. App. 3d 1033, 427 N.E.2d 955; *People v. Williams* (1965), 56 Ill. App. 2d 159, 205 N.E.2d 749.

■ However, an individual may not use force in excess of that necessary to protect himself or another. It is settled that an individual commits voluntary manslaughter when he intentionally or knowingly kills another while acting under an unreasonable belief that deadly force is necessary to protect himself or another from imminent death or great bodily harm. Ill. Rev. Stat. 1983, ch. 38, par. 9—2(b); *People v. DeJesus* (1981), 94 Ill. App. 3d 1018, 419 N.E.2d 510.

The reasonableness of an individual's belief that it was necessary to use deadly force to prevent death or great bodily harm raises a question of fact. (*People v. Hill* (1977), 53 Ill. App. 3d 280, 368 N.E.2d 714; *People v. Wood* (1974), 24 Ill. App. 3d 15, 320 N.E.2d 32.) The trier of fact is not required to accept as true the testimony presented by the defendant concerning his version of the incident and the

necessity for self-defense. (*People v. Ross* (1981), 100 Ill. App. 3d 1033, 427 N.E.2d 955; *People v. Seiber* (1979), 76 Ill. App. 3d 9, 394 N.E.2d 1044; *People v. Hill* (1977), 53 Ill. App. 3d 280, 368 N.E.2d 714.) Rather, in weighing such evidence it must consider the probability or improbability of the testimony, the circumstances surrounding the killing and testimony of the witnesses. (*People v. Hill* (1977), 53 Ill. App. 3d 280, 368 N.E.2d 714; *People v. Holtz* (1974), 19 Ill. App. 3d 781, 313 N.E.2d 234.) A reviewing court will not disturb the determination of the trier of fact on a self-defense issue unless the evidence is so unsatisfactory as to justify a reasonable doubt as to guilt. *People v. Ross* (1981), 100 Ill. App. 3d 1033, 427 N.E.2d 955; *People v. French* (1972), 3 Ill. App. 3d 884, 279 N.E.2d 519.

In the instant case the decision of the court turned largely upon the credibility of the witnesses. Defendant testified that the victim was on top of his friend Blakely and was choking him at the time defendant struck him with the stick. Blakely, however, testified that he did not see defendant strike the victim. Further, Fisher stated that the victim was not on top of Blakely when defendant struck him, but, rather, was standing nearby. And the security guard from the lounge testified that the unarmed victim was staggering, head down, as defendant struck him with the cane. Consequently, the trial court could have believed that the victim was not on top of Blakely at the time he was struck. Upon consideration of this testimony, it is unlikely that defendant could have reasonably believed that deadly force was necessary.

The trial court also considered testimony by the medical examiner as to the circumstances of the victim's death. He reported that the victim had suffered a skull fracture that extended across the skull almost completely from the right to left side, and through several of the bones of the base of the skull. He opined that it would have required a good deal of force to produce these kinds of injuries. The trial court found that, in light of this evidence, the amount of force used by defendant was excessive.

■ The evidence presented at trial and considered by the trial court was not so unsatisfactory or improbable as to cast a reasonable doubt as to defendant's guilt. Since the trial court was in a superior position to appraise the credibility of the witnesses, we will defer to its judgment.

■ We also address defendant's contention that the trial court abused its discretion by sentencing him to periodic imprisonment rather than probation. The determination and imposition of a sentence is a matter involving considerable discretion. The standard of review

to be applied by this court is whether the trial court exercised that discretion and whether it abused its discretion in imposing sentence. (*People v. Robinson* (1980), 83 Ill. 2d 424, 415 N.E.2d 1045; *People v. Kuesis* (1980), 83 Ill. 2d 402, 415 N.E.2d 323; *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882; *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168.) As the court in *Perruquet* stated, "the trial court is normally the proper forum in which a suitable sentence is to be determined and the trial judge's decisions in regard to sentencing are entitled to great deference and weight." *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882.

As the court commented in *People v. Dowiels* (1972), 3 Ill. App. 3d 813, 814, 279 N.E.2d 121, which is cited by defendant, "probation is an authorized mode of mild and ambulatory punishment intended as a reforming discipline and is not only proper but imperative where neither the safety and security of the community or the rehabilitation of the defendant requires imposition of the penalty provided by law." In *Dowiels* the court noted that the defendant, who was convicted of burglary, was "a young, immature boy whose background, position and attitude make him highly susceptible to rescue ***." (3 Ill. App. 3d 813, 814.) We find no similarity with the instant case, where defendant is an adult convicted of killing another without justification. Moreover, we note that the trial court sentenced defendant to periodic imprisonment, allowing him to work at his business and see his family. We cannot find this sentencing decision by the trial court was an abuse of discretion.

For the reasons set forth above, we affirm the judgment of the circuit court. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal.

Affirmed.

JOHNSON and ROMITI, JJ., concur.