THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SCOTT HENGL, Defendant-Appellant.

Third District   No. 3—85—0698

Opinion filed June 20, 1986.

Douglas Scovil, of Ruud & Scovil, of Rock Island, for appellant.

James T. Teros, State's Attorney, of Rock Island (John X. Breslin and Jerry Ursini, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Defendant, Scott Hengl, was charged with attempted aggravated criminal sexual assault. He entered a plea of guilty to the charge. After a sentencing hearing, he was sentenced to four years' imprisonment. He subsequently moved to withdraw his plea. The trial judge denied his motion. Defendant appeals. We affirm.

Due to the nature and points raised on this appeal, only those essential facts as are necessary will be presented. The victim stated that defendant forced his way into her car. The victim continued to drive, not wanting to stop. At one point, while the car was stopped, defendant grabbed the keys and threw them towards the back seat. He then forced the victim between the seats and tore her clothes off. Defendant bit and bruised various portions of the victim's body. He could not, however, force her legs apart. The victim's screams finally attracted someone's attention, and she received help. Defendant escaped from the car.

Defendant stated that prior to the incident, he and a friend consumed 10 to 12 pitchers of beer in a six-hour period.

Defendant raises three issues on this appeal. The first we shall examine is whether the trial judge improperly considered the victim's impact statement which was included in the presentence report. The use of a presentence report is specifically authorized in the Unified Code of Corrections. (Ill. Rev. Stat. 1983, ch. 38, par. 1001—1—1 *et seq.*) Presentence reports shall, *inter alia,* state the effect the offense has had on the victim. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—3—2(a)(3).) The sentencing judge shall consider the report at the sentencing hearing. Ill. Rev. Stat. 1983, ch. 38, par. 1005—4—1(a)(2).

■ The presentence-report requirement has been found to be a constitutionally valid mandatory legislative imposition on the judiciary. (*People v. Youngbey* (1980), 82 Ill. 2d 556, 560, 413 N.E.2d 416.) These reports necessarily consist in part of hearsay. (*People v. Cole* (1974), 23 Ill. App. 3d 620, 321 N.E.2d 71.) The only requirement on the sentencing judge is that he use accurate and reliable information when examining the facts in aggravation and mitigation. (*People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9.) We have previously approved of the trial judge's use of presentence report impact statements by vic-

tims of sexual assault, and we decline to reconsider the issue. *People v. Bachman* (1981), 92 Ill. App. 3d 419, 414 N.E.2d 1369.

■ Defendant contends, however, that admission of the victim's statement, while conforming with the above requirements, conflicts with section 5—4—1(a)(6) of the Unified Code of Corrections. It provides at the sentencing hearing, "the court shall: *** (6) afford the victim of a violent crime *** committed by the defendant the opportunity to make a statement concerning the impact of the crime on the victim ***." The statute then lists the requirements for the preparation of the statement. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(a)(6).) Defendant claims that the impact statement in the presentence report should have followed the preparation requirements of sentencing-hearing statements. Defendant misreads the mandates of this section. By its clear terms, the section deals with statements to be made by the victim at the sentencing hearing. This does not apply to all statements made by victims, especially when victim statements in the presentence report are discussed elsewhere. In the present case, the victim did not make a sentencing-hearing statement. Defendant's claim of conflict is illusory.

■ Defendant's next contention is that the trial court erred in not sentencing him to a period of probation. The claim is that his conduct did not cause serious bodily harm, and that the manifest weight of the evidence supports this. The trial judge found that defendant's conduct caused or threatened serious harm, a statutory aggravating factor. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(a)(1).) The opposing factor in mitigation, that defendant's conduct neither caused nor threatened serious physical harm (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.1(a)(1)) is obviously not present. The evidence supports the findings of the trial judge. The sentence was not an abuse of the discretion vested in the trial court. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

■ Defendant additionally contends that the trial court improperly considered the various factors in mitigation and aggravation. He requests that we order the court to reconsider. In essence, he requests that we remand and order the court to impose probation, the next less severe sentence. This court does not have the power to reduce a sentence of imprisonment to one of probation, directly or indirectly. *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168.

■ Defendant's final contention is that the criminal-sexual-assault and aggravated-criminal-sexual-assault statutes, sections 12—13 and 12—14 of the Criminal Code of 1961 (Ill. Rev. Stat., 1984 Supp., ch. 38, pars. 12—13, 12—14) are unconstitutional. Defendant's argument

essentially is that the two sections state the same offense, in this case there is no reasonable distinction for the factor in aggravation, and therefore, any increase in punishment on the aggravated charge is violative of due process.

The pertinent language of section 12—13 is: "(a) The accused commits criminal sexual assault if he or she: (1) commits an act of sexual penetration by the use of force or threat of force; *** (b) *** Criminal sexual assault is a Class 1 felony." Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—13.

Section 12—14 states: "(a) The accused commits aggravated criminal sexual assault if he or she commits criminal sexual assault and any [one] of the following aggravating circumstances existed during the commission of the offense: *** (2) the accused caused bodily harm to the victim; *** (c) *** Aggravated criminal sexual assault is a Class X felony." Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—14.

Defendant claims that the aggravating factor of causing bodily harm is an inherent factor of sexual penetration by the use of force. The supreme court disapproved such an argument in construing the former rape statute in *People v. Mays* (1982), 91 Ill. 2d 251, 437 N.E.2d 633. In *Mays*, the defendant argued that bodily harm was implicit in any showing of force. The supreme court disagreed, finding that proof of force does not even have to meet the proof needed for simple battery as defined in section 12—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 12—3).

We recently cited *Mays* as persuasive in interpreting "bodily harm" as set forth in section 12—14 in *People v. Boyer* (1985), 138 Ill. App. 3d 16, 485 N.E.2d 460. As "bodily harm" was used in the rape statute and the aggravated-criminal-sexual-assault statute, "force" was used in defining rape and criminal sexual assault. Thus, *Mays* is persuasive in our interpretation of the statute. Bodily harm is not, as defendant contends, inherent in the use of force found in criminal sexual assault. See also 1A A. Sutherland, Statutory Construction sec. 22.30, at 265 (1985).

For the foregoing reasons, the order of the circuit court of Rock Island County is hereby affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.