THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HELEN STIDHAM, Defendant-Appellant.

Second District   No. 2—87—0648

Opinion filed January 13, 1989.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Daniel D. Yuhas, and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

644

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Helen Stidham, was convicted in the circuit court of Lake County of seven counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, par. 12—16(d)), a Class 2 felony punishable by not less than three and not more than seven years' imprisonment (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(a)(5)). Following the bench trial and conviction, the probation department prepared a presentence investigation report and filed it with the court. This report contained one section entitled "Victim Impact Analysis" which included paraphrased statements of the victim's father regarding the effects of the offense on the victim.

At the sentencing hearing, the trial court accepted the presentence investigation report and permitted the victim's father to testify over the defendant's objections on both matters. The defendant presented four character witnesses and made a statement on her own behalf to the court. Argument was presented by both the defendant and the People. The court reviewed the offenses of which it had earlier convicted the defendant and considered the range of possible mitigating and aggravating factors. Then the court sentenced the defendant to 5½ years' imprisonment.

On appeal, the defendant contends that the trial court erred in admitting the statements of the victim's father as contained in the presentence investigation report in that these statements comprised a victim impact statement pursuant to the Bill of Rights for Victims and Witnesses of Violent Crime Act (Ill. Rev. Stat. 1987, ch. 38, par. 1401 *et seq.*) (the Act), and the showing required by the Act (that the victim was unable to present his own statement) was not made. The defendant likewise contends that the victim's father's actual testimony constituted a victim impact statement within the meaning of the Act and was similarly not admissible. Lastly, the defendant asserts that the trial court's sentence was excessive and an abuse of discretion since the presentence investigation report recommended probation, the prosecutor recommended three years' imprisonment, and the defendant had no prior criminal record.

We hold that the Act is inapplicable to the facts presented here. Further, we determine that the trial court did not abuse its discretion in imposing a sentence of 5½ years' imprisonment, and we affirm the sentence. A review of the pertinent facts follows.

The evidence at trial showed that the defendant, a 30-year-old divorced mother of four children, ages 2 through 10, was residing in Zion, Illinois, and was a neighbor of the victim at the time of the of-

fenses. The victim, Chad Fox, age 13, lived with his father and various other family members two or three houses away from the defendant and her children. Over a period of time, beginning in the late spring of 1986, the defendant befriended the victim and ultimately engaged him in a sexual affair which spanned June through November 1986. During this time, the victim essentially lived in the defendant's home and slept with her in her bed, and the defendant engaged the victim in sexual intercourse and oral sex on a regular basis. The defendant and the victim wore each others' rings on necklaces attesting to their special relationship. Additionally, the defendant furnished alcohol to the victim and other minors on numerous occasions and frequently drove them around in her car late at night. In August 1986, various members of the victim's family confronted the defendant with their suspicions that she was conducting an improper relationship with the victim. The defendant denied that anything inappropriate was taking place between her and the victim.

In December 1986, the Zion police issued a criminal complaint charging the defendant with aggravated criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, par. 12—16(d)). On March 19, 1987, a grand jury returned an indictment, charging the defendant with eight counts of aggravated criminal sexual abuse and nine counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—14(b)(1)).

On April 29, 1987, following a bench trial, the trial court found the defendant guilty of seven counts of aggravated criminal sexual abuse and scheduled a sentencing hearing for June 23, 1987. At the sentencing hearing, the trial court allowed the State to present testimony of George Fox, the victim's father, over the defendant's objection. The trial court likewise denied the defendant's request that the court not consider a portion of the presentence investigation report which contained paraphrased statements made by Mr. Fox to the probation officer who had prepared the report. This portion of the report was entitled "Victim Impact Analysis." Mr. Fox' testimony and his statements contained in the presentence investigation report comprised, *inter alia*, his observations of his son's depression, loss of sleep and weight, suicidal statements and attempt, and psychiatric hospitalization.

The trial court ruled as inadmissible Mr. Fox' remarks in the presentence investigation report regarding nonvictims. Further, the trial court sustained the defendant's objections to the State's attempts to elicit subjective responses and conclusions from Mr. Fox.

The defendant presented four character witnesses and addressed the court herself in her own behalf. The court considered the defend-

ant's statement, argument from both counsel, the evidence presented at both the bench trial and the sentencing hearing, and the information contained in the presentence investigation report before issuing a sentence of 5½ years' imprisonment.

The defendant appeals the sentence imposed by the trial court for the reasons set out above.

■ Section 6 of the Act provides that a victim of a violent crime may address the trial court in person and present his statement of the impact the defendant's criminal conduct has had on him. (Ill. Rev. Stat. 1987, ch. 38, par. 1406.) The Act further provides:

"If the victim chooses to exercise this right, the impact statement must have been prepared in writing in conjunction with the Office of the State's Attorney prior to the initial hearing or sentencing, before it can be presented orally at the sentencing hearing." Ill. Rev. Stat. 1987, ch. 38, par. 1406.

Elsewhere the Act, specifically section 3(a), defines "victim" as including the parent of a victim when the victim himself is physically or mentally unable to exercise the rights contained in the Act. (Ill. Rev. Stat. 1987, ch. 38, par. 1403(a).) The defendant, in the case at bar, maintains that the State failed to prove that the victim, Chad, was physically or mentally incapable of appearing at the sentencing hearing and/or preparing his own written statement prior to the sentencing hearing. Thus, his father did not qualify as a victim under the Act.

The State argues, and we agree, that the defendant erroneously characterizes Mr. Fox' statements as paraphrased in the presentencing investigation report as a "victim impact statement" within the meaning of section 6 of the Act. We note that neither the report as a whole, nor the specific portion objected to, was prepared by Mr. Fox. Rather, it was prepared by a probation officer, for the trial court's use, pursuant to the statutory presentence procedures set forth in the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—3—1 et seq.). Section 5—3—1 of the Code states, in pertinent part:

"A defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court." (Ill. Rev. Stat. 1987, ch. 38, par. 1005—3—1.)

Pursuant to section 5—3—2(a)(3) of the Code, such report shall detail, inter alia, "the effect the offense committed has had upon the victim or victims thereof, and any compensatory benefit that various sentencing alternatives would confer on such victim or victims." Ill. Rev.

Stat. 1987, ch. 38, par. 1005—3—2(a)(3).

The presentence investigation report is a statutorily authorized document which the trial court is compelled to consider prior to imposing a sentence. The law requires that the report contain an analysis of the effect of the offensive conduct upon the victim of the crime. Such a report will necessarily contain some hearsay, and the only limitation imposed upon the court at sentencing "is that [the trial court] use accurate and reliable information when examining the facts in aggravation and mitigation." *People v. Hengl* (1986), 144 Ill. App. 3d 405, 406.

In *Hengl*, the defendant challenged the sentencing court's admission of the presentence report containing statements of the victim. On appeal, the court found no error and upheld the sentence. Likewise in *People v. Tennin* (1987), 162 Ill. App. 3d 520, this court affirmed the conviction of the defendant, whose appeal challenged the admission of the presentence report containing an interview with the victim's father. In *Tennin*, we concluded that the victim's father's statements did not comprise a written statement prepared by the victim for her parent, but rather was an addendum to the presentence investigation report which had been prepared by the probation department. Thus, the applicable authority was section 5—3—2(a)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—3—2(a)(3)), rather than section 6 of the Bill of Rights of Victims and Witnesses of Violent Crime Act (Ill. Rev. Stat. 1987, ch. 38, par. 1406).

We determine that the portion of the presentence investigation report entitled "Victim Impact Analysis" was properly admitted and considered by the trial court, as mandated by section 5—3—1 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 1005—3—1) and did not constitute a victim impact statement within the meaning of section 6 of the Act (Ill. Rev. Stat. 1987, ch. 38, par. 1406). See *People v. Tennin* (1987), 162 Ill. App. 3d 520, 526-27; *People v. Hengl* (1986), 144 Ill. App. 3d 405, 406.

■ With regard to the admission of Mr. Fox' testimony, we find no error. It is axiomatic that a sentencing court is not bound by the ordinary rules of evidence, but rather is allowed broad discretion in considering information from many sources in order to fashion an appropriate sentence. As our supreme court has stated:

"In Illinois, too, we have long held that the judge in determining the character and extent of punishment is not limited to considering only information which would be admissible under the adversary circumstances of a trial. While it must exercise care to insure the accuracy of information considered and to

shield itself from what might be the prejudicial effect of improper materials (*People v. Crews* [1967], 38 Ill. 2d 331), 'the court is not confined to the evidence showing guilt, for that issue has been settled by the plea. The rules of evidence which ordinarily obtain in a trial where guilt is denied do not bind the court in its inquiry. It may look to the facts of the [crime], and it may search anywhere, within reasonable bounds, for other facts which tend to aggravate or mitigate the offense.' " *People v. Adkins* (1968), 41 Ill. 2d 297, 300-01.

See also *People v. La Pointe* (1981), 88 Ill. 2d 482, 494-97; *People v. Wilson* (1985), 138 Ill. App. 3d 513, 525-26.

The trial court in the case at bar properly excluded Mr. Fox' testimony as to his personal opinions and conclusions and limited his presentation to his observation and knowledge of specific facts, *i.e.*, the fact that his son was depressed; the fact that his son attempted suicide; the fact that his son was a difficult child, etc. We conclude that in admitting such testimony, the trial court exercised its discretion without abuse.

■ Finally, the defendant asserts that the imposed sentence of 5½ years' imprisonment is excessive in view of her status as a first offender. In further support of this contention, the defendant points out that the presentence investigation report contained a recommendation for probation and that the prosecution recommended three years' imprisonment, the minimum statutory penalty for a conviction of aggravated sexual abuse.

Addressing the defendant's arguments in reverse order, we note that a prosecutor's sentence recommendation is not binding on the court. (*People v. Dorris* (1982), 110 Ill. App. 3d 660, 667.) With regard to the recommendation contained in the presentence investigation report, the defendant does not cite any authority which would tend to indicate that such a recommendation is binding on the court. To the contrary, as has been discussed above, the sentencing court is well within its domain when it considers the information and recommendations contained within the presentence investigation report, in addition to the evidence adduced at trial and testimony elicited at the sentencing hearing itself.

It is well established that the sentence imposed by a trial court should be upheld on review absent a showing of abuse of discretion. (*People v. Bollman* (1982), 163 Ill. App. 3d 621, 637.) In *Bollman*, the defendant was convicted of aggravated criminal sexual abuse and was sentenced to three years' imprisonment. He appealed the sentence as being excessive. The reviewing court found that the sentence imposed

was within the statutory limitation and that it was imposed after the sentencing court had heard testimony and argument regarding all the appropriate factors for consideration, including the statutorily required factors in mitigation and in aggravation set forth in the Code (Ill. Rev. Stat. 1987, ch. 38, pars. 1005—5—3.1, 1005—5—3.2). Thus, it found no abuse of discretion and affirmed the trial court's sentence. *Bollman*, 163 Ill. App. 3d at 638.

The instant case presents a similar factual pattern to this court. The defendant stands convicted of seven counts of aggravated criminal sexual abuse and is appealing the imposed sentence of 5½ years' imprisonment as excessive and not supported by the evidence. In support of her appeal and her request that the sentence be reduced to probation, the defendant claims that she is a likely candidate for rehabilitation and that the ends of justice do not require lengthy incarceration. She further points out that she has no prior criminal record and that incarceration will present a hardship to her four minor children. Additionally, the defendant correctly states that, as a general rule, probation is preferred over incarceration and is appropriate "where neither the safety and security of the community or the rehabilitation of the defendant requires imposition of the penalty provided by law." (*People v. Dowiels* (1972), 3 Ill. App. 3d 813, 814; see also *People v. Brasmer* (1972), 9 Ill. App. 3d 70.) Although the defendant's statement of the law is correct, her reliance on these cases is misplaced. In *Dowiels*, the reviewing court found that the young defendant was "highly susceptible to rescue as a useful and contributing member of society" and therefore the trial court's denial of probation was an abuse of discretion. (*Dowiels*, 3 Ill. App. 3d at 814-15.) In *Brasmer*, the court discussed at length the policy supporting a societal preference for probation versus incarceration, but found that the latter was justified if there were aggravating circumstances. The court stated, "Where the offense is aggravated it may well be that the public interest justifies or requires incarceration either independently of other criteria or when such criteria are weighed and evaluated together." *Brasmer*, 9 Ill. App. 3d at 73.

In the instant case, the trial court stated it was convinced of the need for substantial incarceration because of the extreme seriousness of the offense committed by the defendant, and because it was not impressed by the defendant's likelihood of rehabilitation. Additionally, the court found, on the basis of the evidence, that the defendant had led an irresponsible life and was consistently contributing to the delinquency of the minors around her, and as such the court was not convinced that the offenses for which she had been convicted were un-

likely to occur again. The court took note of the defendant's status as a first offender and as the mother of minor children; however, it did not find the hardship imposed on her dependants would be excessive. It is clear that the trial court carefully weighed and considered each of the necessary factors in arriving at the sentence imposed in this case. It is equally clear that the trial court believed that the interest and safety of society were best served by a lengthy period of incarceration and that this interest was not counterbalanced by the few mitigating factors before it. As stated above, our role in reviewing a sentencing court's judgment is to discern whether the appropriate factors have been considered and whether there has been an abuse of discretion. The sentence of 5½ years imposed is within the statutory limit of not less than three nor more than seven years, and the sentence was set by the sentencing court after the presentation of testimony and argument regarding the necessary factors for consideration in mitigation and aggravation of the defendant's offense. The sentence is appropriate under these circumstances.

The judgment of the circuit court is affirmed.

Affirmed.

INGLIS and DUNN, JJ., concur.