THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOEL C. CAIN, Defendant-Appellant.

Third District Nos. 3—90—0735, 3—90—0738 cons.

Opinion filed October 25, 1991.—Rehearing denied December 23, 1991.

STOUDER, P.J., dissenting.

Verlin R. Meinz and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

The defendant, Joel C. Cain, was convicted of seven counts of residential burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—3). The trial court initially sentenced him to four years' probation under supervision of the Treatment Alternatives to Street Crime (TASC) program. It later revoked his probation when it found he had committed a residential burglary during his sentence. Following a hearing, it resentenced him to seven concurrent 15-year prison terms.

On appeal, the defendant contends that the court improperly considered two aggravating sentencing factors. He first objects to the following remarks by the court:

"Did the criminal conduct cause or threaten serious physical harm to another? Well, if physical harm is mental harm, in the original cases, which is why we're here on [sic], the individuals who were burglarized have indicated in letters to the Court, which are part of the January 29 pre-sentence investigation, that they were having problems coping with the fact that their home had been invaded and some of their children were having problems adjusting and worrying about the nighttime hours and the fact their home had been invaded. That's not an uncommon feeling, and that's certainly, I think, one that should be considered by a burglar when he enters a residence, and certainly the legislature has contemplated that by making it a mandatory prison sentence except in the limited areas *** ."

The defendant contends that the trial court improperly relied on the causation or threat of harm as an aggravating factor, because such factors are implicit in residential burglary. See *People v. Allen* (1981), 97 Ill. App. 3d 38, 422 N.E.2d 254.

 █ We begin our analysis by noting several well-established principles. The rule that a court may not consider a factor inherent in the offense is not meant to be applied rigidly, because sound public policy dictates that a sentence be varied in accordance with the circumstances of the offense. (*People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138.) Accordingly, the degree of harm to a victim may be considered as an aggravating factor, even if that factor is arguably implicit in the offense. (See *Saldivar*, 113 Ill. 2d at 269, 497 N.E.2d at 1143.) The psychological harm to the victim may also be considered as an aggravating factor. (*People v. Ehrich* (1988), 165 Ill. App. 3d 1060, 519 N.E.2d 1137; *People v. Fisher* (1985), 135 Ill. App. 3d 502, 481 N.E.2d 1233.) Lastly, the trial court can consider the letters in the presentence report as evidence of the im-

pact on the victims. Ill. Rev. Stat. 1989, ch. 38, par. 1005—3—2(a)(3); *People v. Hengl* (1986), 144 Ill. App. 3d 405, 494 N.E.2d 937.

■ Applying the foregoing principles to the instant case, we find no error. A residential burglary can result in varying degrees of psychological harm, depending on the circumstances of the offense and the victim's disposition. We find that the trial court could consider the letters as evidence of the varying levels of psychological harm suffered by the victims.

The defendant also contends that the trial court erred in stating that "[the defendant] received compensation for committing the offense. Certainly, that's the nature of burglary." The defendant argues that the court improperly considered his receipt of proceeds as an aggravating factor, because that factor is implicit in residential burglary. See *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.

We find no error. The court made the remarks while generally discussing the list of mitigating and aggravating factors found in the statutes (see Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3.1, 1005—5—3.2). In our judgment, the court did not rely on the receipt of proceeds as an aggravating factor. Rather, it merely recognized that such a factor is inherent in residential burglary.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY, J., concurs.

PRESIDING JUSTICE STOUDER, dissenting:
I disagree with the majority's conclusion that the trial court did not err in considering as an aggravating factor whether the defendant's conduct caused or threatened serious harm. The defendant in the instant case was convicted of residential burglary, which the Code defines thusly: "A person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." (Ill. Rev. Stat. 1989, ch. 38, par. 19—3.) The defendant had no contact with the property owners in this case. This was strictly a property crime. In my view the majority is allowing the provisions of the statute governing factors in aggravation (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2) to be stretched beyond reason and in a manner which is fundamentally unfair to the defendant.

The case law relied on by the majority is readily distinguishable. The cases all involve some physical contact or at least presence of the victim, and the crimes contain some element of wrongdoing against a person. *People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138 (voluntary manslaughter); *People v. Ehrich* (1988), 165 Ill. App. 3d 1060, 519 N.E.2d 1137 (home invasion); *People v. Fisher* (1985), 135 Ill. App. 3d 502, 481 N.E.2d 1233 (indecent liberties).

In *Ehrich*, the fourth district upheld the trial court's consideration of the psychological injury to two small children which resulted from the defendant's entry of their home. The defendant had entered the home after a day and evening of drinking. He went to the room of a young girl, and was found holding the girl by her father. A struggle ensued between the father and the defendant. At trial, evidence was presented that both the girl and her brother suffered from psychological trauma as a result of the incident. After discussing the *Saldivar* case, the fourth district concluded that since the home invasion caused harm (psychological harm to children) which was not the end result of all home invasions, the trial court properly considered this harm as an aggravating factor.

Again, in the instant case there was no contact with any of the property owners. The owners in this case experienced the same sense of violation and insecurity that all victims of a residential burglary feel. Though I am sympathetic to the trauma these owners experienced, I do not believe the statute governing aggravating factors supports this kind of consideration in a purely property offense.

In addition, there is the difficulty of considering the specific injury attributable to each owner. Each of the burglaries involved a different residence; however, the effects were considered in gross in determining sentence and were not given individual consideration. For these reasons, I dissent.