THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALEJANDRO H. RAMIREZ, Defendant-Appellant.

Second District   No. 2—98—1265

Opinion filed April 7, 2000.

G. Joseph Weller and R. Christopher White, both of State Appellate Defender's Office, of Elgin, for appellant.

Roger T. Russell, State's Attorney, of Belvidere (Martin P. Moltz and Joan

M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Alejandro H. Ramirez, entered an open plea of guilty to four counts of predatory criminal sexual assault of a child, J.A. (720 ILCS 5/12—14.1(a)(1) (West 1998)). After a hearing, the trial court sentenced defendant to four consecutive seven-year prison terms. The trial court denied defendant's motion to reconsider the sentences, and he timely appealed.

Defendant argues that he is entitled to a new sentencing hearing because the trial court erred in considering a victim impact statement from J.A.'s mother, M.P. Defendant asserts that, under section 3(a) of the Rights of Crime Victims and Witnesses Act (Victims Act) (725 ILCS 120/3(a) (West 1998)), she was not a "crime victim" and thus had no right to submit a victim impact statement (see 725 ILCS 120/6 (West 1998)). Defendant also argues that section 9 of the Victims Act is unconstitutional insofar as it states that "Nothing in this Act shall create a basis for vacating a conviction or a ground for appellate relief in any criminal case." 725 ILCS 120/9 (West 1998). The State replies that defendant lacks standing to challenge the constitutionality of section 9 of the Victims Act; that there was no error in introducing M.P.'s statements; and that any error was harmless. For the reasons that follow, we affirm.

The facts are these. The presentence investigation report (PSIR) contains a statement by the victim, J.A. The entire statement reads: ·

"I feel so happy he's gone. But I feel mad for what he did and I just hope he's gone from my life for A [sic] long time. I can't right [sic] any more because I don't want to remember."

Also in the PSIR is a form, issued by the Boone County probation office, labeled "Victim Impact Statement" and informing the reader that the victims of certain crimes may present sentencing courts with statements made pursuant to the Victims Act. The form states that it "can be used for both purposes: to obtain a Presentence Investigation Report and to obtain a Victim Impact Statement." M.P. filled out the form with handwritten answers to 10 questions, describing the effects of defendant's crimes on J.A. and other family members. M.P. prepared a separate one-page statement describing the anguish J.A. and she suffered from the offenses. This statement appears in the PSIR as well. Nothing in the record suggests that M.P. consulted with the State's Attorney's office in preparing either statement.

At the sentencing hearing, defendant sought to bar M.P.'s statements, arguing that J.A. was not physically or mentally incapable of

exercising his rights under the Victims Act. See 725 ILCS 120/3(a)(3) (West 1998). The trial court disagreed and admitted M.P.'s statements. Neither J.A. nor M.P. was at the hearing. The court admitted a written statement in which defendant admitted that, about two years earlier, he performed oral sex on his eight-year-old nephew in Texas. In imposing the seven-year sentences, the trial judge stated that defendant's sexual acts with his nephew made the minimum six-year sentences inappropriate. The judge did not mention M.P.'s statements. Later, in refusing to reconsider the sentences, the judge reiterated his reasoning, with no mention of M.P.'s statements.

On appeal, defendant argues that the trial court erred in admitting M.P.'s victim impact statement. Defendant observes that, under the Victims Act, one definition of "crime victim" is a "single representative who may be the *** parent *** of any person granted rights under this Act who is physically or mentally incapable of exercising such rights." 725 ILCS 120/3(a)(3) (West 1998). Defendant reasons that M.P. did not fit this definition because J.A. was capable of exercising his right to prepare a victim impact statement and, in fact, did so. However, as section 9 of the Victims Act forecloses any such argument as a basis for appellate relief, defendant also argues that section 9 is unconstitutional on a number of grounds, chiefly the separation of powers (see Ill. Const. 1970, art. II, § 1).

The State responds first that defendant lacks standing to challenge section 9 because the Act applies only to oral statements that victims present at sentencing hearings and neither J.A. nor M.P. even appeared at the sentencing hearing. According to the State, M.P.'s written statements did not come in via the Victims Act but instead via section 5—3—2(a)(3) of the Unified Code of Corrections (Code) (730 ILCS 5/5—3—2(a)(3) (West 1998)), which requires the PSIR to include victim impact information. The State asserts alternatively that the statements were properly admitted under the Victims Act and that any error was harmless.

We disagree with the State insofar as we hold that the Victims Act does contemplate the taking and use of written victim impact statements. However, we agree with the State that, in this case, section 5—3—2(a)(3) of the Code provided an independent basis for the admission and consideration of M.P.'s statements and that the trial court properly considered the statements pursuant to section 5—3—2(a)(3). Therefore, we need not decide whether the Victims Act also allowed the trial court to consider the statements or whether section 9 of the Victims Act is constitutional.

As pertinent here, section 6(a) of the Victims Act states:

"(a) In any case where a defendant has been convicted of a vio-

lent crime *** and a victim of the violent crime is present in the courtroom at the time of the sentencing ***, the victim upon his or her request shall have the right to address the court regarding the impact which the defendant's criminal conduct *** has had upon the victim. If the victim chooses to exercise this right, the impact statement must have been prepared in writing in conjunction with the Office of the State's Attorney prior to the *** sentencing, before it can be presented orally *or in writing* at the sentencing hearing. In conjunction with the Office of the State's Attorney, a victim impact statement that is presented orally may be done so by the victim or his or her representative. The court shall consider any statements made by the victim, along with all other appropriate factors in determining the sentence of the defendant ***." (Emphasis added.) 725 ILCS 120/6(a) (West 1998).

■ In maintaining that this section does not allow for written victim impact statements such as M.P.'s, the State relies on an outdated version of the law. Before Public Act 89—546 (Pub. Act. 89—546, eff. January 1, 1997) took effect, section 6(a) of the Victims Act did not include the language we have emphasized. The preamended version of the statute does appear to imply that a victim impact statement must be presented orally by the victim at the sentencing hearing if the statement is to come in at all under the Victims Act. However, we believe that the clear implication of the statute as amended is that a written statement may be presented at the sentencing hearing. To hold otherwise would read the emphasized language out of the statute. Furthermore, it would be unreasonable to allow a court to consider a written victim impact statement only if the victim is at the hearing, as requiring the victim's presence would serve no purpose. We shall not presume that, in amending section 6, the legislature intended absurdity or inconvenience. *Stockton v. Oldenburg*, 305 Ill. App. 3d 897, 904 (1999). Therefore, we conclude that section 6 of the Victims Act authorized the trial court to admit M.P.'s statements.

■ However, we also hold that M.P.'s statements were independently admissible under section 5—3—2(a)(3) of the Code (730 ILCS 5/5—3—2(a)(3) (West 1998)), which requires that the PSIR set forth "the effect the offense committed has had upon the victim or victims thereof, and any compensatory benefit that various sentencing alternatives would confer on such victim or victims." 730 ILCS 5/5—3—2(a)(3) (West 1998). The State notes that M.P.'s statements are physically present within the PSIR and were obtained by the Boone County probation office, which compiled the PSIR. We would add that section 6(a) of the Victims Act requires that a statement made pursuant to the act be "prepared in writing in conjunction with the Office of the

State's Attorney *** before it can be presented orally or in writing at the sentencing hearing" (725 ILCS 120/6(a) (West 1998)), yet nothing suggests that M.P. consulted with the State's Attorney's office before submitting the statements at issue.

Although the trial judge may have believed that the Victims Act was the sole basis for admitting M.P.'s statements, they were in fact placed into the record pursuant to section 5—3—2(a)(3) of the Code. The trial court did not err in admitting or considering the statements on this basis. Section 5—3—2(a)(3) allows written statements from a crime victim's parent to be placed into the PSIR and considered in sentencing. See *People v. Stidham*, 178 Ill. App. 3d 643, 646-48 (1989); *People v. Tennin*, 162 Ill. App. 3d 520, 526-27 (1987). Also, any error in admitting M.P.'s statements was clearly harmless. Defendant received one year over the minimum on each conviction, and that was solely the result of defendant's prior sexual misconduct. M.P.'s statements had no influence on defendant's sentences.

The judgment of the circuit court of Boone County is affirmed.

Affirmed.

BOWMAN, P.J., and GALASSO, J., concur.